**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
----------------------------------------------------------------X
ADELE SAMMARCO,

                        **Plaintiff,**

                                         **MEMORANDUM AND ORDER**
      -against-                                **02 CV 6239 (NG) (JMA)**

NEW YORK 1, PETER LANDIS, STEVE
PAULUS, ELIZABETH FANFANT,

                        **Defendants.**
----------------------------------------------------------------X

**GERSHON, United States District Judge:**

       Plaintiff Adele Sammarco brings this action against defendants New York 1 ("NY1"), Peter

Landis, Steve Paulus, and Elisabeth Fanfant for hostile work environment sexual harassment,

retaliation, and wage discrimination in violation of Title VII, 42 U.S.C. §§ 2000e *et seq.*; New York

State Human Rights Law ("HRL"), New York Executive Law §§ 296, *et seq.*; Civil Rights Law of

the City of New York, Title 8 of the New York City Administrative Code ("N.Y. Admin. Code")

§§ 8-107, *et seq.*; and the Equal Pay Act ("EPA"), 29 U.S.C. § 206(d)(1). Defendants seek summary

judgment on all claims. For the reasons set forth below, defendants' motion is granted in part and

denied in part.

**DISCUSSION**

**A.    The Standard**

       Summary judgment is granted if "the pleadings, depositions, answers to interrogatories, and

admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any

material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P.

56(c). Once a moving party has carried its burden under Rule 56(c), the non-moving party must "do

1

more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Electric Industrial Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).  The non-moving party may not "rely on mere speculation or conjecture as to the true nature of the facts to overcome a motion for summary judgment."  *Knight v. U.S. Fire Ins. Co.*, 804 F.2d 9, 12 (2d Cir. 1986).  The party must produce specific facts sufficient to establish that there is a genuine factual issue for trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986).

In employment discrimination actions, courts are cautious about granting summary judgment when intent is at issue because "a victim . . . [is] seldom able to prove his or her claim by direct evidence and is usually constrained to rely on the cumulative weight of circumstantial evidence." *Rosen v. Thornburgh*, 928 F.2d 528, 533 (2d Cir. 1991).  However, "[t]he summary judgment rule would be rendered sterile . . . if the mere incantation of intent or state of mind would operate as a talisman to defeat an otherwise valid motion." *Meiri v. Dacon*, 759 F.2d 989, 998 (2d Cir. 1985). Therefore, in the discrimination context, a plaintiff "must provide more than conclusory allegations of discrimination to defeat a motion for summary judgment."  *Schwapp v. Town of Avon*, 118 F.3d 106, 110 (2d Cir. 1997).

## B.    Individual Liability Under Title VII

Individuals are not subject to liability under Title VII.  *Patterson v. County of Oneida*, 375 F.3d 206, 221 (2d Cir. 2004).  Defendants' motion for summary judgment with respect to Title VII claims brought against the individual defendants is granted.

## C.    Statutes of Limitations On Plaintiff's Wage Discrimination Claims

Defendants argue that all of plaintiff's wage discrimination claims are time-barred because NY1 did not make any pay-setting decision within the 300-day EEOC charging period which,

2

because Sammarco filed her EEOC charge on April 5, 2001, commenced on June 9, 2000.  At oral argument, plaintiff asserted that her claims are timely because the statute of limitations for her wage discrimination claims began to run anew with each paycheck she received, the last being in March 2001.  Thus, she argues, her April 5, 2001, EEOC charge was well within the limitation period.

### 1.    Title VII's Statute of Limitations

"In states such as New York that have an agency with the authority to address charges of discriminatory employment practices, the statute of limitations for filing a charge of discrimination with the EEOC is 300 days." *Butts v. City of N.Y. Dep't of Hous. Preservation & Dev.*, 990 F.2d 1397, 1401 (2d Cir. 1993) (citing 42 U.S.C. § 2000e-5(e)), *superceded by statute on other grounds*, Civil Rights Act of 1991, Pub. L. No. 102-166, 105 Stat. 1071.  Under Title VII, "the time for filing a charge of employment discrimination with the [EEOC] begins when . . . [a] 'discrete act' of discrimination occurs. "  *Ledbetter v. Goodyear Tire & Rubber Co., Inc.*, 550 U.S. ___, 127 S.Ct. 2162, 2165 (2007).  In *Ledbetter*, the Supreme Court held that

> an employer violates Title VII and triggers a new EEOC charging period whenever the employer issues paychecks using a discriminatory pay structure.  But a new Title VII violation does not occur and a new charging period is not triggered when an employer issues paychecks pursuant to a system that is 'facially nondiscriminatory and neutrally applied.'

*Ledbetter*, 127 S. Ct. at 2174, quoting *Lorance v. AT&T Technologies*, 490 U.S. 900, 911 (1989).

Because there is no allegation that NY1 maintained a facially discriminatory pay structure as reviewed in *Bazemore v. Friday*, 478 U.S. 385, 396 n. 6 (U.S. 1986), I must identify the most recent "discrete act" of alleged discrimination.  *Ledbetter,* 127 S.Ct. at 2165.  "[A] pay-setting decision is a discrete act that occurs at a particular point in time."  *Id.*  It is undisputed that, in July 1996, Sammarco and NY1 entered a three-year contract providing for yearly salary increases

through July 1999 and reaching a maximum of $50,000. When this contract expired in July 1999, NY1 decided not to renew it, leaving Sammarco's salary at $50,000 where it plateaued until her departure from NY1 in March 2001. Thus, viewing the evidence in the light most favorable to Sammarco, NY1's most recent pay-setting decision was made in July 1999 when NY1 maintained Sammarco's salary at $50,000.

Plaintiff's Title VII wage discrimination claims are therefore time-barred because this discrete act of alleged discrimination occurred more than 300 days before Sammarco filed her EEOC charge. Defendants' motion for summary judgment with regard to plaintiff's Title VII wage discrimination claim is granted.[1]

### 2.    The EPA's Statute of Limitations

The EPA "was enacted contemporaneously with Title VII and prohibits paying unequal wages for equal work because of sex." *Ledbetter,* at 2176. However, "the EPA and Title VII are not the same." *Id.* First, the EPA does not require a plaintiff to file an EEOC charge prior to filing a complaint in federal court. *Id.* Second, the EPA provides a limitations period of two years, or three for willful conduct, from the date the claim arises. 29 U.S.C. § 255(a). Third, and most pertinent here, a separate EPA claim accrues each time the claimant receives a paycheck reflecting discriminatory wages. *Pollis v. The New Sch. for Social Research*, 132 F.3d 115, 119 (2d Cir. 1997); *Downes v. J.P. Morgan Chase & Co.*, 2004 U.S. Dist. LEXIS 10510, at *23 (S.D.N.Y. June 8, 2004). Indeed, in *Ledbetter*, the Supreme Court expressly limited its partial repudiation of the

---

[1] Neither party addresses the applicable statute of limitations governing plaintiff's wage discrimination claims under the HRL and N.Y. Admin. Code or the effect, if any, that *Ledbetter* may have thereon with regard to the paycheck accrual rule. The court therefore does not address these claims.

"paycheck accrual rule" to Title VII wage discrimination claims. *Ledbetter*, 127 S. Ct. at 2176 ("If Ledbetter had pursued her EPA claim, she would not face the Title VII obstacles that she now confronts.").

Here, plaintiff received her last paycheck in March 2001 and filed suit on November 25, 2002. Her EPA claim is therefore timely with regard to each paycheck received after November 25, 2000 or, if NY1's conduct is found to be willful, November 25, 1999.[2]

## D.    Issues of Fact Remain

Based upon review of the parties' submissions, and after hearing oral argument, the court finds that there exist genuine issues of material fact which preclude summary judgment with respect to the merits of plaintiff's disparate pay claim under the EPA, as well as the merits of her claims for hostile work environment and retaliation under Title VII and state and local law.

## CONCLUSION

For the reasons set forth above, defendants' motion for summary judgment is granted with respect to plaintiff's Title VII claims against the individual defendants, her Title VII wage discrimination claim against NY1, and her EPA claim with respect to violations occurring before

---

[2] The applicability of the paycheck accrual rule under the EPA does not render each EPA violation a "continuing" one, such that the plaintiff can seek backpay beyond the statutory period of two or three years. *Pollis*, 132 F.3d at 118-119.

November 25, 2000 or, if plaintiff demonstrates at trial that defendants' conduct was willful, November 25, 1999.  Defendants' motion is denied with respect to all other claims.  The parties are ordered to prepare a joint pre-trial order under the supervision of Magistrate Judge Joan M. Azrack.

**SO ORDERED.**

     */S/ Nina Gershon*
**NINA GERSHON**
**United States District Judge**

Dated:   March 18, 2008
            Brooklyn, New York