UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
_____X

ADELE SAMMARCO,                              **PLAINTIFF'S PROPOSED**
                                             **JURY INSTRUCTIONS**
                              Plaintiff,

          -against-                          02 Civ. 6239 (RM) (JMA)

NEW YORK 1, PETER LANDIS, STEVE
PAULUS, and ELIZABETH FANFANT,

                              Defendants.
_____X

     Plaintiff, ADELE SAMMARCO, by her attorney, ANDREW C. LAUFER, JOSEPH

TACOPINA and RICK RUTMAN, respectfully submits the following proposed jury instructions

for the April 12, 2010 trial of this case:

### PLAINTIFF'S PROPOSED GENERAL AND SPECIAL JURY INSTRUCTIONS

### PRELIMINARY JURY INSTRUCTION NO. 1

Opening Instruction

Members of the Jury, you are about to begin the trial of the case about which you heard the details of during the process of jury selection. Before the trial begins, however, there are certain instructions you should have in order to understand better what will be presented before you and how you could conduct yourself during the trial.

The party who brings a lawsuit is called a Plaintiff. In this case, the Plaintiff is Adele Sammarco. The party against whom a suit is brought is called a Defendant. In this case, the Defendants are NEW YORK 1, STEVE PAULUS, PETER LANDIS, and ELIZABETH FANFANT.

Plaintiff alleges that her former employer, NEW YORK 1, STEVE PAULUS, PETER LANDIS, and ELIZABETH FANFANT, subjected her to a sexually hostile work environment; that she was not paid equally as to men; and that she was retaliated against for lodging complaints which ultimately resulted in her termination. The Defendant denies these charges.

Plaintiff's claims of discrimination have been brought under Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991 ("Title VII"). Federal law prohibits an employer from discriminating against any employee because of the employee's race, color, gender, religion, or national origin (42 USC sec 2000e-16(a).) Plaintiff must show she was

subjected to intentional discrimination based on her gender. You will decide whether Plaintiff has proven her claims under Title VII by a preponderance of the evidence.

Ms. Sammarco is represented in the case by ANDREW C. LAUFER, JOSEPH TACOPINA and RICK RUTMAN.  Defendants are represented by KENNETH MARGOLIS, ESQ., etc.

Further, at the relevant times, Ms. Sammarco was employed by NY1 News.

By your verdict, you will decide disputed issues of fact. I will decide all questions of law that arise during the trial. Before you retire to deliberate at the close of the case, you should give careful attention to the testimony and evidence presented for your consideration. Bear in mind that I will instruct you at the end of the trial concerning the manner in which you should determine the credibility or "believability" of each witness and the weight to be given to his or her testimony. During the trial, however, you should keep an open mind and should not form or express any opinion about the case one way or the other until you have heard all the testimony and evidence, the closing arguments of the lawyers, and my instructions to you on the applicable law.

While the trial is in progress, you must not discuss the case in any manner among yourselves or with anyone else, nor should you permit anyone to discuss it in your presence.

From time to time during the trial, I may be called upon to make rulings of law on objections or motions made by the lawyers. It is the duty of the attorney on each side of a case to object when the other side offers testimony or other evidence which the attorney believes is not proper. You should not show prejudice against an attorney or their client because the attorney has made objections. You should not infer or conclude from any ruling or other comment I may make that I have any opinions on the merits of the case favoring one side or the other. And if I sustain an objection to a question that goes unanswered by a witness, you should not draw any inferences or conclusions from the question itself.

During the trial, it may be necessary for me to confer with the lawyers out of your hearing with regard to questions of law or procedure that require consideration by the court alone. On some occasions you may be excused from the courtroom for the same reasons. I will try to limit these interruptions as much as possible, but you should remember the importance of the matter you are here to determine and should be patient even though the case may seem to go slowly at times *(Adapted from 3 E. Devitt, C. Blackmar & M. Wolff, Federal Jury practice and Instructions -- Civil § 70.01 (4th ed. 1987))

# PRELIMINARY JURY INSTRUCTION NO. 2

### Hostile Work Environment Claim: Supervisor

Plaintiff accuses defendants of sexual harassment in violation of Federal law. To succeed on this claim, plaintiff must prove by a preponderance of the evidence all four of the following factors:

First, that she was intentionally subjected to unwelcome harassment by the employer or by her supervisor;

Second, that the harassment was based upon her sex;

Third, that the harassment was both objectively and subjectively offensive, such that a reasonable woman* would find it hostile or abusive and plaintiff in fact did perceive it to be so; and

Fourth, that the harassment was sufficiently severe or pervasive so as to alter the conditions of her employment and create an abusive working environment.

"Unwelcome harassment" means conduct that is uninvited, and offensive or unwanted.

On whether the conduct was objectively offensive, you may consider, among other things, the frequency of the conduct, its severity, whether it was physically threatening or humiliating or whether it was a mere offensive utterance and whether it unreasonably interfered with an employee's work performance.

Liability on this claim does not require tangible psychological injury. There is no mathematically precise test for determining whether words and gestures meet the standard. Instead, you must consider the evidence as a whole and the totality of the circumstances, such as the nature of the conduct and the context in which it occurred. Discriminatory intimidation, ridicule and insult can be sufficiently severe or pervasive in their accumulated effect to alter the conditions of employment and create an abusive working environment. The conduct or actions do not have to be overtly sexual. Conduct that results from genuine but innocuous differences in the way men and women routinely interact with members of the same sex and of the opposite sex is not illegal.

If plaintiff satisfies you of all the requirements I have listed, then you shall consider the defendant's affirmative defense. To prevail on its affirmative defense, defendant must prove by a preponderance of the evidence *both* of the following:

First, that it exercised reasonable care to prevent and correct promptly sexually harassing behavior; and

Second, that plaintiff unreasonably failed to take advantage of any preventive or corrective opportunities defendant provided.

If you find that defendant has proven both of these by a preponderance of the evidence, your verdict must be for defendant on this claim. Otherwise, your verdict must be for plaintiff.

*The Second Circuit has made it clear that a hostile work environment exists " 'when the workplace is permeated with discriminatory intimidation, ridicule and insult, that is sufficiently severe or pervasive to alter the conditions of the victim's employment.' " *Torres*, 116 F.3d at 630-631 (quoting *Harris v. Forklift Sys., Inc.,* 510 U.S. 17, 21, 114 S.Ct. 367, 126 L.Ed.2d 295 (1993)); *see also Galdieri-Ambrosini v. National Realty & Dev. Corp.,* ---F.3d ---, 1998 WL 50126, at *14 (2d Cir. Feb.4, 1998)*. The standard is that of the "reasonable woman." *Torres,* 116 F.3 at 632. "Conduct that is 'merely offensive' and 'not severe or pervasive enough to create an objectively hostile or abusive work environment-an environment that a reasonable person would find hostile or abusive-is beyond Title VII's purview.' " *Torres,* 116 F.3d at 631 (quoting *Harris,* 510 U.S. at 21). Thus, as a general rule, episodic, isolated incidents of harassment do not give rise to a Title VII claim; rather, the incidents " 'must be sufficiently continuous and concerted in order to be deemed pervasive.' " *Perry v. Ethan Allen, Inc.,* 115 F.3d 143, 149 (2d Cir.1997) (quoting *Harris,* 510 U.S. at 17); *see also Torres,* 116 F.3d at 631 ("[W]e agree with the principle that isolated, minor episodes of harassment do not merit relief under Title VII...."); *Kotcher v. Rosa and Sullivan Appliance Ctr., Inc.,* 957 F.2d 59, 62 (2d Cir.1992) ("The incidents must be repeated and continuous; isolated acts or occasional episodes will not merit relief"); *Carrero v. New York City Housing Auth.,* 890 F.2d 569, 577 (2d Cir.1989) ("The incidents must be more than episodic; they must be sufficiently continuous and concerted in order to be deemed pervasive."). Finally, although the harassment need not take the form of sexual advances or sexually explicit conduct, a plaintiff must establish that the alleged harassment was based upon her gender. *See Galdieri-Ambrosini, 1998 WL 50126, at * 14.*

## PRELIMINARY JURY INSTRUCTION NO. 3

### Hostile Work Environment Claim: Co-Workers

Plaintiff accuses defendant of permitting sexual harassment in violation of Federal law. To succeed on this claim, plaintiff must prove by a preponderance of the evidence all six of the following factors:

<u>First</u>, that she was subjected to unwelcome harassment;

<u>Second</u>, that the harassment was based upon her sex;

<u>Third</u>, that the harassment was both objectively and subjectively offensive, such that a reasonable woman* would find it hostile or abusive and plaintiff in fact did perceive it to be so;

<u>Fourth</u>, that the harassment was sufficiently severe or pervasive so as to alter the conditions of her employment and create an abusive working environment;

<u>Fifth</u>, that the defendant or management level employees of defendant either knew or should have known of the harassment; and

<u>Sixth</u>, that the defendant or management level employees of defendant failed to take prompt and appropriate remedial action.

Unwelcome harassment means conduct that is uninvited, and offensive or unwanted. On whether the conduct was objectively offensive, you may consider, among other things, the frequency of

the conduct, its severity, whether it was physically threatening or humiliating and whether it unreasonably interfered with an employee's work performance.

Liability on this claim does not require tangible psychological injury. There is no mathematically precise test for determining whether words and gestures meet the standard. Instead, you must consider the evidence as a whole and the totality of the circumstances, such as the nature of the conduct and the context in which it occurred. Discriminatory intimidation, ridicule and insult can be sufficiently severe or pervasive in their accumulated effect to alter the conditions of employment and create an abusive working environment. The conduct or actions do not have to be overtly sexual. Conduct that results from genuine but innocuous differences in the way men and women routinely interact with members of the same sex and of the opposite sex is not illegal.

If plaintiff satisfies you of all the requirements I have listed, then you shall consider defendant's affirmative defense. To prevail on its affirmative defense, defendant must prove by a preponderance of the evidence *both* of the following:

First, that it exercised reasonable care to prevent and correct promptly sexually harassing behavior; and

Second, that plaintiff unreasonably failed to take advantage of any preventive or corrective opportunities defendant provided.

If you find that defendant has proven both of these by a preponderance of the evidence, your verdict must be for defendant on this claim. Otherwise, your verdict must be for plaintiff.

*The Second Circuit has made it clear that a hostile work environment exists " 'when the workplace is permeated with discriminatory intimidation, ridicule and insult, that is sufficiently severe or pervasive to alter the conditions of the victim's employment.' " *Torres,* 116 F.3d at 630-631 (quoting *Harris v. Forklift Sys., Inc.,* 510 U.S. 17, 21, 114 S.Ct. 367, 126 L.Ed.2d 295 (1993)); *see also Galdieri-Ambrosini v. National Realty & Dev. Corp.,* ---F.3d ---, 1998 WL 50126, at *14 (2d Cir. Feb.4, 1998). The standard is that of the "reasonable woman." *Torres,* 116 F.3 at 632. "Conduct that is 'merely offensive' and 'not severe or pervasive enough to create an objectively hostile or abusive work environment-an environment that a reasonable person would find hostile or abusive-is beyond Title VII's purview.' " *Torres,* 116 F.3d at 631 (quoting *Harris,* 510 U.S. at 21). Thus, as a general rule, episodic, isolated incidents of harassment do not give rise to a Title VII claim; rather, the incidents " 'must be sufficiently continuous and concerted in order to be deemed pervasive.' " *Perry v. Ethan Allen, Inc.,* 115 F.3d 143, 149 (2d Cir.1997) (quoting *Harris,* 510 U.S. at 17); *see also Torres,* 116 F.3d at 631 ("[W]e agree with the principle that isolated, minor episodes of harassment do not merit relief under Title VII...."); *Kotcher v. Rosa and Sullivan Appliance Ctr., Inc.,* 957 F.2d 59, 62 (2d Cir.1992) ("The incidents must be repeated and continuous; isolated acts or occasional episodes will not merit relief"); *Carrero v. New York City Housing Auth.,* 890 F.2d 569, 577 (2d Cir.1989) ("The incidents must be more than episodic; they must be sufficiently continuous and concerted in order to be deemed pervasive."). Finally, although the harassment need not take the form of sexual advances or sexually explicit conduct, a plaintiff must establish that the alleged harassment was based upon her gender. *See Galdieri-Ambrosini,* 1998 WL 50126, at * 14.

## PRELIMINARY JURY INSTRUCTION NO. 4

### Retaliation Claim: Essential Elements

The Plaintiff accuses defendants of violating federal law by retaliating against her for engaging in protected activities, namely, for filing a complaint of a hostile work environment with management which is a "protected activity."[2] To succeed on this claim, plaintiff must prove by a preponderance of the evidence that

First, Defendants took adverse action against her; and

Second, were it not for her protected activity, Defendants would not have taken adverse employment action against her or her protected activity was a motivating factor in defendant's decision to take adverse employment action against her.

Plaintiff is not required to prove that her protected activity claim had merit in order to prove the retaliation claim.[7]

An "adverse action" is one that would be materially adverse to a reasonable employee or job applicant, an action that could well dissuade a reasonable worker from making or supporting a charge of discrimination. This is an objective standard. "Material" means significant, as opposed to trivial. An adverse action by a supervisor is an action of the employer.

Alternatively, if you find that defendants or defendants management knew or should have known that co-workers and/or third parties were retaliating against plaintiff because of her protected activity in a way that would amount to material adverse action as I have defined it, and that defendants or defendants management failed to take prompt action to stop it, then you may find defendant liable for that retaliation.

*Evidence of retaliation can be direct or circumstantial. DeCaire v. Mukasey, 530 F.3d 1, 20 (1st Cir. 2008).

*The Supreme Court in Burlington Northern stated that its standard "does *not* require a reviewing court or jury to consider 'the nature of the discrimination that led to the filing of the charge.' Rather, the standard is tied to the challenged retaliatory act, not the underlying conduct that forms the basis of the Title VII complaint." Burlington N. & Santa Fe Ry. Co. v. White, 548 U.S. 53, 69 (2006) (internal citation omitted) (emphasis original). See also Crawford v. Metropolitan Gov't of Nashville & Davidson County, Tenn., 129 S. Ct. 846 (2008) (finding that the protection of the "opposition clause" of the anti-retaliation provision of Title VII extended to employee who spoke out about sexual harassment allegedly directed at her, not on her own initiative, but in answering questions during employer's investigation of employee's co-worker's complaints of sexual harassment).

* "Title VII's substantive provision and its anti-retaliation provision are not coterminous." Id. at 67. Although this question, if it arises, is one for the jury, see Melendez-Arroyo v. Cutler-Hammer de P.R. Co., Inc., 273 F.3d 30, 36 (1st Cir. 2001) (ADEA), in most cases the dispute will be about whether the defendant's challenged conduct was motivated by a retaliatory purpose, not whether it amounted to an adverse action. In Burlington Northern, the Supreme Court held that Title VII's antiretaliation provision is in fact broader than Title VII's substantive provision, for it "is not limited to discriminatory actions that affect the terms and conditions of employment." Burlington N., 548 U.S. at 64. "An employer can effectively retaliate against an employee by taking actions not directly related to his employment or by causing him harm *outside* the workplace." Id. at 63 (emphasis in original); see also Dixon v. Int'l Bhd. of Police Officers, 504 F.3d 73, 82 (1st Cir. 2007) ("Title VII . . . cover[s] retaliation claims against unions which cause harm in the workplace and outside of it."). If there is no dispute about whether the alleged conduct, if proven, would constitute an adverse action, the bracketed paragraph may be deleted and the generic

references to "adverse action" may be replaced by a brief description of the adverse action defendant allegedly took. Former employees are also protected against retaliation. Robinson v. Shell Oil Co., 519 U.S. 337 (1997).  In Foley v. Commonwealth Electric Co., 312 F.3d 517, 521 (1st Cir. 2002), the court states that "this instruction optimally should have been included in the charge." Rather than include a separate retaliatory hostile environment charge, this retaliation charge may be amplified to make it clear that a retaliatory hostile environment can qualify as an "adverse action" in some circumstances. See Burlington No. & Santa Fe Rwy. Co. v. White, 548 U.S. 53 (2006). For discussion of retaliatory hostile work environment liability, see Hawkins v. Anheuser-Busch, Inc., 517 F.3d 321, 345-47 (6th Cir. 2008).

## PRELIMINARY JURY INSTRUCTION NO. 5

Equal Pay Act Claim: Essential Elements

Plaintiff accuses defendants of pay discrimination in violation of federal law. It is unlawful for an employer to discriminate between employees on the basis of sex by paying different wages to employees of different sexes working in jobs that require substantially equal skill, effort and responsibility, and that are performed under similar working conditions.

To succeed on this claim, plaintiff must prove each of the following elements by a preponderance of the evidence:

First, that plaintiff and male workers have been employed by defendant in jobs requiring substantially equal skill, effort and responsibility;

Second, that the jobs are performed under similar working conditions; and

Third, that plaintiff was paid a lower wage than the male workers in jobs that require substantially equal skill, effort and responsibility as plaintiff's job and that are performed under similar working conditions.

In deciding whether jobs require substantially equal skill, effort and responsibility, your task is to compare the jobs, not the individual employees holding those jobs. It is not necessary that the jobs be identical; the law requires proof that the performance of the jobs demands "substantially equal" skill, effort and responsibility. Insignificant and insubstantial or trivial differences do not matter and may be disregarded. Job classifications, descriptions or titles are not controlling. The important thing is the actual work or performance requirements of the jobs.

In deciding whether the jobs require substantially equal "skill," you should consider such factors as the level of education, experience, training and ability necessary to meet the performance requirements of the respective jobs.

In deciding whether the jobs require substantially equal "effort," you should consider the amount of physical and mental exertion needed for the performance of the respective jobs. Duties that result in mental or physical fatigue and emotional stress, or factors that alleviate fatigue and stress, should be weighed together in assessing the relative effort involved. It may be that jobs require equal effort in their performance even though the effort is exerted in different ways on

the jobs; but jobs do not entail equal effort, even though they involve most of the same routine duties, if one job requires other additional tasks that consume a significant amount of extra time and attention or extra exertion.

In deciding whether the jobs involve substantially equal "responsibility," you should consider the degree of accountability involved in the performance of the work. You should take into consideration such things as the level of authority delegated to the respective employees to direct or supervise the work of others.

In deciding whether jobs are performed under similar working conditions, the test is whether the working conditions are "similar"; they need not be substantially equal. In deciding whether relative working conditions are similar, you should consider the physical surroundings or the environment in which the work is performed, including the elements to which employees may be exposed. You should also consider any hazards of the work including the frequency and severity of any risks of injury.

If you find that plaintiff has proven her claim, you will then consider defendant's defense. Defendant contends that the differential in pay between the jobs was the result of a bona fide decision based upon work experience or education. On this defense, defendant has the burden of proof by a preponderance of the evidence. If you find that defendant has met this burden, then your verdict will be for defendant.

*The issue centers on the defendant's burden of proof after the plaintiff establishes his or her prima facie case. See Rodriguez, 62 F. Supp. 2d at 382. Under the EPA, the defendant bears both the burden of production and the burden of persuasion with respect to the statutory defenses. See Ingram v. Brink's, Inc., 414 F.3d 222, 232 (1st Cir. 2005); see also Corning Glass Works v. Brennan, 417 U.S. 188, 196 (1974). In a Title VII case, on the other hand, once the defendant meets its burden of articulating (producing) non-discriminatory reasons for the challenged employment action, the plaintiff bears the burden of proving that those reasons are merely

## CLOSING INSTRUCTIONS

## JURY INSTRUCTION NO. 1

Impartial Consideration of the Evidence, Without Sympathy or Bias

Under your oath as jurors, you must be guided solely by the evidence during the trail, without regard to the consequences of your decision. You have been chosen to decide the issues of fact and reach a verdict on the basis of the evidence or lack of evidence. If you let sympathy interfere with your clear thinking, there is a risk that you will not arrive at a just verdict. All parties to a civil lawsuit are entitled to a fair trial. You must make a fair and impartial decision so that you will arrive at a just verdict (Sand, Modern Federal Jury Instruction (Civil), Instruction 71-10 (1998))

## JURY INSTRUCTION NO. 2

### Evidence in the Case

Statements and arguments of counsel are not evidence in the case. When, however, the attorneys on both sides stipulate or agree as to the existence of a fact, the jury must, unless otherwise instructed, accept the stipulation and regard that fact as proved.

The court may take judicial notice of certain facts or events. When the court declares it will take judicial notice of some fact or event, the jury must, unless otherwise instructed, accept the court's declaration as evidence, and regard as proved the fact or event which has been judicially noticed.

Unless you are otherwise instructed, the evidence in the case consists of the following: the sworn testimony of the witnesses, regardless of who may have called them; all exhibits received in evidence, regardless of who may have produced them; all facts which may have been admitted or stipulated; and all facts and events which may have been judicially noticed.

Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they say in their opening statements, closing arguments and at other times in intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers have stated them, your memory of the facts controls.

Questions and objection by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules. You should not be influenced by the objection or by the court's ruling on it.

Any evidence as to which an objection is sustained by the court, and any evidence ordered stricken by the court, must be entirely disregarded. If testimony or exhibits are received only for a limited purpose, you must follow the limiting instructions I will give.

Anything you see or hear when the court is not in session is not evidence. (Adapted from Devitt, Blackmar &Wolff § 71.08)

## JURY INSTRUCTION NO. 3

### Preponderance of the Evidence

The burden is on the Plaintiff in a civil action, such as this, to prove every essential element of her claim by a preponderance of the evidence. If the proof fails to establish any essential element of the Plaintiff's claim by a preponderance of the evidence, the jury should find for the Defendant as to that claim.

To establish something by a "preponderance of the evidence" means to prove that it is more likely so than not so. In other words, a preponderance of the evidence means such evidence that, when considered and compared with the evidence opposed to it, produces in your minds the belief that what is sought to be proved is, more likely than not, true. (adapted from Devitt, Blackmar & Wolff sec 72.01)

### JURY INSTRUCTION NO. 4

Credibility of Witnesses – Discrepancies in Testimony

You as jurors are the sole judges of the credibility of the witnesses and the weight their testimony deserves. You may be guided by the appearances and conduct of the witnesses, or by the manner in which the witness testifies, or by the character of the testimony given, or by evidence to the contrary of the testimony given.

You should carefully scrutinize all the testimony given, the circumstances under which each witness has testified, and every matter in evidence which tends to show whether a witness is worthy of belief. Consider each witness's intelligence, motive and state of mind, and demeanor or manner while on the stand. Consider the witness's ability to observe the matters as to which he has testified, and whether he impresses you as having an accurate recollection of these matters. Consider also any relation each witness may bear to either side of the case; the manner in which each witness might be affect by the verdict; and the extent to which, if at all, each witness is either supported or contradicted by other evidence in the case.

Inconsistencies or discrepancies in the testimony of a witness, or between the testimonies of different witnesses, may or may not cause the jury to discredit such testimony. Two or more persons witnessing an incident or transaction may see or hear it differently; an innocent mis-recollection, like failure of recollection, is not an uncommon experience. In weighing the effect of a discrepancy, always consider whether it pertains to a matter of importance or an unimportant detail, and whether the discrepancy results from innocent error or intentional falsehood.

After making your own judgment, you will give the testimony of each witness such weight, if any, as you may think it deserves. You may, in short, accept or reject the testimony of any witnesses in whole or in part.

Also, the weight of the evidence is not necessarily determined by the number of witnesses testifying to the existence or non-existence of any fact. You may find that the testimony of a small number witnesses as to any fact is more credible than the testimony of a larger number of witnesses to the contrary. (adapted from Devitt, Blackmar & Wolff § 73.01)

## JURY INSTRUCTION NO. 5

Impeachment – Inconsistent Statements

A witness may be discredited or impeached by contradictory evidence; or by evidence that at some time the witness has said or done something, or has failed to say or do something which is inconsistent with the witness's present testimony.

If you believe any witness has been impeached and thus discredited, it is your exclusive province to give the testimony of that witnesses such credibility, if any, as you may think it deserves.

An act or omission is done "knowingly" if it is done voluntarily and intentionally, and not because of mistake or accident or other innocent reason. (Adapted from Devitt, Blackmar & Wolff § 73.04)

## JURY INSTRUCTION NO.6

All Available Evidence Need Not Be Produced

The law does not require any party to call as witnesses all persons who may have been present at any time or place involved in the case, or who may appear to have some knowledge of the matters in issue at the trial. Nor does the law require any party to produce as exhibits all papers and things mentioned in the evidence of the case. (Adapted from Devitt, Blackmar & Wolff § 73.11)

## JURY INSTRUCTION NO. 7

Now I am going to give you the instructions that describe the legal elements of the claims in this case. Plaintiff alleges that her former employer, NY1 terminated her from employment in retaliation for her complaints of a sexually hostile work environment The Defendant denies these charges.

Plaintiff's claims of discrimination have been brought under Title VII of the Civil rights Act of 1964 as amended by the Civil Rights Act of 1991 ("Title VII"). Federal law prohibits an employer from discriminating against any employee because of the employee's race, color, gender, religion or national origin. (42 USC § 2000e-16(a)). Plaintiff must show she was subjected to discrimination based on her gender. You will decide whether Plaintiff has proven her claims under Title VII by a preponderance of the evidence.

## JURY INSTRUCTION NO. 8

### Intentional Discrimination

Under the statute that plaintiff brings her claims "it shall be an unlawful employment practice for an employer (1) to fail or refuse to hire or discharge any individual, or otherwise to discriminate against any individual with respect to her compensation, terms, conditions or privileges of employment, because of such individual's gender or religion".

To prevail on her claim, plaintiff must prove by a preponderance of the evidence that defendant's treatment of, and termination of, plaintiff's employment was motivated in part by intentional discrimination against Plaintiff because she is a woman.

Discrimination is intentional if it is done voluntarily, deliberate, and willfully, and not by accident, inadvertence, or any other innocent reason. (adapted from Devitt, Blackmar & Wolff § 106.06)

## JURY INSTRUCTION NO. 9

### Intentional Discrimination – Direct and Indirect Evidence

The Plaintiff can prove the existence of intentional discrimination by providing direct or indirect evidence of discrimination. Direct evidence includes such evidence as the testimony of an eyewitness or a document setting forth an explicit policy of discrimination. Indirect evidence, also known as circumstantial evidence, consists of a proof of a chain of circumstances pointing to the existence or non-existence of certain facts. Circumstantial evidence is evidence which tends to prove a disputed fact by proof of other facts. A simple example of circumstantial evidence which is often used in this courthouse goes like this: Assume that when you came into the courthouse this morning the sun was shining and it was a nice day. Now assume that the courthouse blinds were drawn during the trial, so you could not see outside. As the trial proceeded, someone walked into the courtroom with a dripping wet umbrella. Then a few minutes later, another person also entered with a wet umbrella. Now remember, the blinds on the windows are drawn so you can't see whether or not it is raining outside. So you have no direct evidence of that fact. But because you saw two people walk into the courtroom with wet umbrellas, it would be reasonable and logical to conclude that it had indeed been raining outside. Those wet umbrellas are circumstantial evidence of the fact that it is, or was, raining outside. You infer on the basis of reason, your own experience, and common sense, from one established fact – that two people walked into the courtroom with wet umbrellas – the existence of another fact – that it is, or was, raining outside. As a general rule, the law makes no distinction between direct and circumstantial evidence, but simply requires that the jury find the facts in accordance with the preponderance of all the evidence in the case, both direct and circumstantial.

## JURY INSTRUCTION NO. 10

Hostile Work Environment Claim: Supervisor


Plaintiff accuses defendants of sexual harassment in violation of federal law. To succeed on this claim, plaintiff must prove by a preponderance of the evidence all four of the following factors:

First, that she was intentionally subjected to unwelcome harassment by the employer or by her supervisor;

Second, that the harassment was based upon her sex;

Third, that the harassment was both objectively and subjectively offensive, such that a reasonable woman* would find it hostile or abusive and plaintiff in fact did perceive it to be so; and

Fourth, that the harassment was sufficiently severe or pervasive so as to alter the conditions of her employment and create an abusive working environment.

"Unwelcome harassment" means conduct that is uninvited, and offensive or unwanted.

On whether the conduct was objectively offensive, you may consider, among other things, the frequency of the conduct, its severity, whether it was physically threatening or humiliating and whether it unreasonably interfered with an employee's work performance.

Liability on this claim requires more than mere utterance of an offensive remark. It does not, however, require tangible psychological injury. There is no mathematically precise test for determining whether words and gestures meet the standard. Instead, you must consider the evidence as a whole and the totality of the circumstances, such as the nature of the conduct and the context in which it occurred. Discriminatory intimidation, ridicule and insult can be sufficiently severe or pervasive in their accumulated effect to alter the conditions of employment and create an abusive working environment. The conduct or actions do not have to be overtly sexual. Conduct that results from genuine but innocuous differences in the way men and women routinely interact with members of the same sex and of the opposite sex is not illegal.

If plaintiff satisfies you of all the requirements I have listed, then you shall consider the defendant's affirmative defense. To prevail on its affirmative defense, defendant must prove by a preponderance of the evidence *both* of the following:

First, that it exercised reasonable care to prevent and correct promptly sexually harassing behavior; and

Second, that plaintiff unreasonably failed to take advantage of any preventive or corrective opportunities defendant provided.

If you find that defendant has proven both of these by a preponderance of the evidence, your verdict must be for defendant on this claim. Otherwise, your verdict must be for plaintiff.

*The Second Circuit has made it clear that a hostile work environment exists " 'when the workplace is permeated with discriminatory intimidation, ridicule and insult, that is sufficiently severe or pervasive to alter the conditions of the victim's employment.' " *Torres,* 116 F.3d at 630-631 (quoting *Harris v. Forklift Sys., Inc.,* 510 U.S. 17, 21, 114 S.Ct. 367, 126 L.Ed.2d 295 (1993)); *see also Galdieri-Ambrosini v. National Realty & Dev. Corp.,* ---F.3d ---, 1998 WL 50126, at *14 (2d Cir. Feb.4, 1998). The standard is that of the "reasonable woman." *Torres,* 116 F.3 at 632. "Conduct that is 'merely offensive' and 'not severe or pervasive enough to create an objectively hostile or abusive work environment-an environment that a reasonable person would find hostile or abusive-is beyond Title VII's purview.' " *Torres,* 116 F.3d at 631 (quoting *Harris,* 510 U.S. at 21). Thus, as a general rule, episodic, isolated incidents of harassment do not give rise to a Title VII claim; rather, the incidents " 'must be sufficiently continuous and concerted in order to be deemed pervasive.' " *Perry v. Ethan Allen, Inc.,* 115 F.3d 143, 149 (2d Cir.1997) (quoting *Harris,* 510 U.S. at 17); *see also Torres,* 116 F.3d at 631 ("[W]e agree with the principle that isolated, minor episodes of harassment do not merit relief under Title VII...."); *Kotcher v. Rosa and Sullivan Appliance Ctr., Inc.,* 957 F.2d 59, 62 (2d Cir.1992) ("The incidents must be repeated and continuous; isolated acts or occasional episodes will not merit relief"); *Carrero v. New York City Housing Auth.,* 890 F.2d 569, 577 (2d Cir.1989) ("The incidents must be more than episodic; they must be sufficiently continuous and concerted in order to be deemed pervasive."). Finally, although the harassment need not take the form of sexual advances or sexually explicit conduct, a plaintiff must establish that the alleged harassment was based upon her gender. *See Galdieri-Ambrosini,* 1998 WL 50126, at * 14.

## JURY INSTRUCTION NO. 11

Hostile Work Environment Claim: Co-Worker

Plaintiff accuses defendant of permitting sexual harassment in violation of federal law. To succeed on this claim, plaintiff must prove by a preponderance of the evidence all six of the following factors:

First, that she was subjected to unwelcome harassment;

Second, that the harassment was based upon her sex;

Third, that the harassment was both objectively and subjectively offensive, such that a reasonable woman* would find it hostile or abusive and plaintiff in fact did perceive it to be so;

Fourth, that the harassment was sufficiently severe or pervasive so as to alter the conditions of her employment and create an abusive working environment;

Fifth, defendant or management level employees of defendant either knew or should have known of the harassment; and

Sixth, defendant or management level employees of defendant failed to take prompt and appropriate remedial action.

Unwelcome harassment means conduct that is uninvited, and offensive or unwanted. On whether the conduct was objectively offensive, you may consider, among other things, the frequency of the conduct, its severity, whether it was physically threatening whether it unreasonably interfered with an employee's work performance.

Liability on this claim requires more than mere utterance of an offensive remark. It does not however, require tangible psychological injury. There is no mathematically precise test for determining whether words and gestures meet the standard. Instead, you must consider the evidence as a whole and the totality of the circumstances, such as the nature of the conduct and the context in which it occurred. Discriminatory intimidation, ridicule and insult can be sufficiently severe or pervasive in their accumulated effect to alter the conditions of employment and create an abusive working environment. The conduct or actions do not have to be overtly sexual. Conduct that results from genuine but innocuous differences in the way men and women routinely interact with members of the same sex and of the opposite sex is not illegal.

If plaintiff satisfies you of all the requirements I have listed, then you shall consider defendant's affirmative defense. To prevail on its affirmative defense, defendant must prove by a preponderance of the evidence *both* of the following:

<u>First</u>, that it exercised reasonable care to prevent and correct promptly sexually harassing behavior; and

<u>Second</u>, that plaintiff unreasonably failed to take advantage of any preventive or corrective opportunities defendant provided.

If you find that defendant has proven both of these by a preponderance of the evidence, your verdict must be for defendant on this claim. Otherwise, your verdict must be for plaintiff.

---

*The Second Circuit has made it clear that a hostile work environment exists " 'when the workplace is permeated with discriminatory intimidation, ridicule and insult, that is sufficiently severe or pervasive to alter the conditions of the victim's employment.' " *Torres,* 116 F.3d at 630-631 (quoting *Harris v. Forklift Sys., Inc.,* 510 U.S. 17, 21, 114 S.Ct. 367, 126 L.Ed.2d 295 (1993)); *see also Galdieri-Ambrosini v. National Realty & Dev. Corp., ---*F.3d ---, 1998 WL 50126, at *14 (2d Cir. Feb.4, 1998). The standard is that of the "reasonable woman." *Torres,* 116 F.3 at 632. "Conduct that is 'merely offensive' and 'not severe or pervasive enough to create an objectively hostile or abusive work environment-an environment that a reasonable person would find hostile or abusive-is beyond Title VII's purview.' " *Torres,* 116 F.3d at 631 (quoting *Harris,* 510 U.S. at 21). Thus, as a general rule, episodic, isolated incidents of harassment do not give rise to a Title VII claim; rather, the incidents " 'must be sufficiently continuous and concerted in order to be deemed pervasive.' " *Perry v. Ethan Allen, Inc.,* 115 F.3d 143, 149 (2d Cir.1997) (quoting *Harris,* 510 U.S. at 17); *see also Torres,* 116 F.3d at 631 ("[W]e agree with the principle that isolated, minor episodes of harassment do not merit relief under Title VII...."); *Kotcher v. Rosa and Sullivan Appliance Ctr., Inc.,* 957 F.2d 59, 62 (2d Cir.1992) ("The incidents must be repeated and continuous; isolated acts or occasional episodes will not merit relief"); *Carrero v. New York City Housing Auth.,* 890 F.2d 569, 577 (2d Cir.1989) ("The incidents must be more than episodic; they must be sufficiently continuous and concerted in order to be deemed pervasive."). Finally, although the harassment need not take the form of sexual advances or sexually explicit conduct, a plaintiff must establish that the alleged harassment was based upon her gender. *See Galdieri-Ambrosini,* 1998 WL 50126, at * 14.

## JURY INSTRUCTION NO. 12

Retaliation Claim: Essential Elements

The Plaintiff accuses defendants of violating federal law by retaliating against her for engaging in protected activities, namely, for filing a complaint of a hostile work environment with management which is a "protected activity."[2] To succeed on this claim, plaintiff must prove by a preponderance of the evidence that

First, Defendants took adverse action against her; and

Second, Were it not for her protected activity, Defendants would not have taken adverse employment action against her, or that her protected activity was a motivating factor in defendant's decision to take adverse employment action against her.

Plaintiff is not required to prove that her protected activity claim had merit in order to prove the retaliation claim.[7]

An "adverse action" is one that would be materially adverse to a reasonable employee or job applicant, an action that could well dissuade a reasonable worker from making or supporting a charge of discrimination. This is an objective standard. "Material" means significant, as opposed to trivial. An adverse action by a supervisor is an action of the employer.

Alternatively, if you find that defendants or defendants management knew or should have known that co-workers and/or third parties were retaliating against plaintiff because of her protected activity in a way that would amount to material adverse action as I have defined it, and that defendants or defendants' management failed to take prompt action to stop it, then you may find defendant liable for that retaliation.

*Evidence of retaliation can be direct or circumstantial. DeCaire v. Mukasey, 530 F.3d 1, 20 (1st Cir. 2008).

*The Supreme Court in Burlington Northern stated that its standard "does *not* require a reviewing court or jury to consider 'the nature of the discrimination that led to the filing of the charge.' Rather, the standard is tied to the challenged retaliatory act, not the underlying conduct that forms the basis of the Title VII complaint." Burlington N. & Santa Fe Ry. Co. v. White, 548 U.S. 53, 69 (2006) (internal citation omitted) (emphasis original). See also Crawford v. Metropolitan Gov't of Nashville & Davidson County, Tenn., 129 S. Ct. 846 (2008) (finding that the protection of the "opposition clause" of the anti-retaliation provision of Title VII extended to employee who spoke out about sexual harassment allegedly directed at her, not on her own initiative, but in answering questions during employer's investigation of employee's co-worker's complaints of sexual harassment).

* "Title VII's substantive provision and its anti-retaliation provision are not coterminous." Id. at 67. Although this question, if it arises, is one for the jury, see Melendez-Arroyo v. Cutler-Hammer de P.R. Co., Inc., 273 F.3d 30, 36 (1st Cir. 2001) (ADEA), in most cases the dispute will be about whether the defendant's challenged conduct was motivated by a retaliatory purpose, not whether it amounted to an adverse action. In Burlington Northern, the Supreme Court held that Title VII's antiretaliation provision is in fact broader than Title VII's substantive provision, for it "is not limited to discriminatory actions that affect the terms and conditions of employment." Burlington N., 548 U.S. at 64. "An employer can effectively retaliate against an employee by taking actions not directly related to his employment or by causing him harm *outside* the workplace." Id. at 63 (emphasis in original); see also Dixon v. Int'l Bhd. of Police Officers, 504 F.3d 73, 82 (1st Cir. 2007) ("Title VII . . . cover[s] retaliation claims against unions which cause harm in the workplace and outside of it."). If there is no dispute about whether the alleged conduct, if proven, would constitute an adverse action, the bracketed paragraph may be deleted and the generic

references to "adverse action" may be replaced by a brief description of the adverse action defendant allegedly took. Former employees are also protected against retaliation. Robinson v. Shell Oil Co., 519 U.S. 337 (1997). In Foley v. Commonwealth Electric Co., 312 F.3d 517, 521 (1st Cir. 2002), the court states that "this instruction optimally should have been included in the charge." Rather than include a separate retaliatory hostile environment charge, this retaliation charge may be amplified to make it clear that a retaliatory hostile environment can qualify as an "adverse action" in some circumstances. See Burlington No. & Santa Fe Rwy. Co. v. White, 548 U.S. 53 (2006). For discussion of retaliatory hostile work environment liability, see Hawkins v. Anheuser-Busch, Inc., 517 F.3d 321, 345-47 (6th Cir. 2008).

## JURY INSTRUCTION NO. 13

Equal Pay Act Claim: Essential Elements

Plaintiff accuses defendants of pay discrimination in violation of federal law. It is unlawful for an employer to discriminate between employees on the basis of sex by paying different wages to employees of different sexes working in jobs that require substantially equal skill, effort and responsibility, and that are performed under similar working conditions.

To succeed on this claim, plaintiff must prove each of the following elements by a preponderance of the evidence:

First, that plaintiff and male workers have been employed by defendant in jobs requiring substantially equal skill, effort and responsibility;

Second, that the jobs are performed under similar working conditions; and

Third, that plaintiff was paid a lower wage than the male workers in jobs that require substantially equal skill, effort and responsibility as plaintiff's job and that are performed under similar working conditions.

In deciding whether jobs require substantially equal skill, effort and responsibility, your task is to compare the jobs, not the individual employees holding those jobs. It is not necessary that the jobs be identical; the law requires proof that the performance of the jobs demands "substantially equal" skill, effort and responsibility. Insignificant and insubstantial or trivial differences do not matter and may be disregarded. Job classifications, descriptions or titles are not controlling. The important thing is the actual work or performance requirements of the jobs.

In deciding whether the jobs require substantially equal "skill," you should consider such factors as the level of education, experience, training and ability necessary to meet the performance requirements of the respective jobs.

In deciding whether the jobs require substantially equal "effort," you should consider the amount of physical and mental exertion needed for the performance of the respective jobs. Duties that result in mental or physical fatigue and emotional stress, or factors that alleviate fatigue and stress, should be weighed together in assessing the relative effort involved. It may be that jobs require equal effort in their performance even though the effort is exerted in different ways on the jobs; but jobs do not entail equal effort, even though they involve most of the same routine duties, if one job requires other additional tasks that consume a significant amount of extra time

and attention or extra exertion.

In deciding whether the jobs involve substantially equal "responsibility," you should consider the degree of accountability involved in the performance of the work. You should take into consideration such things as the level of authority delegated to the respective employees to direct or supervise the work of others.

In deciding whether jobs are performed under similar working conditions, the test is whether the working conditions are "similar"; they need not be substantially equal. In deciding whether relative working conditions are similar, you should consider the physical surroundings or the environment in which the work is performed, including the elements to which employees may be exposed. You should also consider any hazards of the work including the frequency and severity of any risks of injury.

If you find that plaintiff has proven her claim, you will then consider defendant's defense. Defendant contends that the differential in pay between the jobs was the result of a bona fide decision based upon work experience or education. On this defense, defendant has the burden of proof by a preponderance of the evidence. If you find that defendant has met this burden, then your verdict will be for defendant.

*The issue centers on the defendant's burden of proof after the plaintiff establishes his or her prima facie case. See Rodriguez, 62 F. Supp. 2d at 382. Under the EPA, the defendant bears both the burden of production and the burden of persuasion with respect to the statutory defenses. See Ingram v. Brink's, Inc., 414 F.3d 222, 232 (1st Cir. 2005); see also Corning Glass Works v. Brennan, 417 U.S. 188, 196 (1974). In a Title VII case, on the other hand, once the defendant meets its burden of articulating (producing) non-discriminatory reasons for the challenged employment action, the plaintiff bears the burden of proving that those reasons are merely

## JURY INSTRUCTION NO. 15

### Damages

If Plaintiff has proven by a preponderance of the evidence that Defendant is liable on her claims, then you must determine the damages to which she is entitled. You must decide on liability first. I am instructing you on damages only so that you will have guidance should you decide that Plaintiff is entitled to recovery.(Sand, Modern Federal Jury Instructions (Civil), Instruction 77-1 (1998)) The burden of proving damages rests with the plaintiff.

A. Causation

I have said that you may award damages for only those injuries which you find that the Plaintiff has proven by a preponderance of evidence to have been the direct result of the claimed discrimination. Thus, even if you find that there was discrimination, you must ask whether the Plaintiff has proven by a preponderance of the evidence that the deprivation caused the damages that the Plaintiff claims to have suffered.

B.  Compensatory Damages

The purpose of damages is to award just and fair compensation for any loss from defendant's violation of plaintiff's rights. In calculating damages, do not consider any back or front pay that Plaintiff lost. If you find Defendant liable, this will be calculated by the Court.

A prevailing plaintiff in a discrimination case is entitled to damages for emotional pain, suffering, and mental anguish resulting from defendant's conduct. In this regard you should not award damages for speculative injuries, but only for those that the Plaintiff proves, by a preponderance of the evidence, that she actually suffered as a result of Defendant's conduct. In determining the amount of damages, you should be guided by dispassionate common sense. You must use sound discretion in fixing an award of damages, drawing reasonable inferences from the facts in evidence.

## JURY INSTRUCTION NO. 15

### Punitive Damages

A.  Purposes of Punitive Damages

Our law in the state of New York allows for assessing punitive damages if you, the jury, decide that the defendant's actions warrant punitive damages. You do not have to award them if you feel that such damages are inappropriate.

Punitive damages are not compensatory damages. Punitive damages are sometimes called "exemplary damages," in short, used to set an example.

Punitive damages are awarded for two inter-related purposes:

1.  The first purpose is to punish the defendant for behavior that offends community values and is despicable, contemptible, or otherwise morally reprehensible;
2.  The second purpose is to protect the public by deterring the defendant from engaging in similar behavior in the future and by sending a message to deter others who might contemplate engaging in similar behavior within our state.

B.  Guidelines to assist you in your decision in this matter.

Burden of Proof and Evidence

1.  The burden of proof for the award of punitive damages is higher than the one used for compensatory damages. Specifically, you must decide if there is "clear and convincing evidence" that the defendant's behavior warrants an award of punitive damages (Rustad). "Clear and convincing" evidence is a higher burden of proof than the "preponderance of

evidence" standard, but lower than the "proof beyond a reasonable doubt" standard used for criminal cases.

2. From the evidence produced at this trial and only at this trial, you must first consider whether that behavior caused or could have caused injury to others such that the defendant is deserving of exemplary punishment.

3. Amounts of money for punitive damages that may have been suggested by the lawyers for the plaintiff and the defendant in their opening or closing arguments are not evidence. Evidence is the body of testimony under oath and documents provided with that testimony. You must rely exclusively on the evidence presented in this trial.

Factors to Consider

The reprehensibility of unlawful conduct is the primary consideration in deciding punitive damages. Reprehensibility is thought of having a number of similar meanings and these include despicable, contemptible, blameworthy, condemnable, or deplorable behavior. In other words, it is behavior meriting moral condemnation (Cooper Indus. V. Leatherman Tool Group, 532 US 424. 431 (2001)).

Here is a list of things that you may consider in deciding the degree of reprehensibility, if any, of the defendant's conduct. You may decide that none, some, or all of them may be relevant to the reprehensibility of the defendant's behavior.

1. Was the harm (a) physical, (b) mental, (c) harm to reputation, (d) harm to future employment prospects?

2. To what degree was the defendant's behavior intentional, despicable, malicious, wanton, flagrant or willful? Was the defendant aware of the likelihood that the behavior was or could be harmful?

3. Did the behavior reflect a plan or set of behaviors for morally reprehensible gain at the expense of others? If so, what was the magnitude of the expected gain at the expense of others? Was the plaintiff vulnerable in any way to the behavior of the defendant?

4. How serious was the harm or potential harm to the plaintiff and to society?

5. To what extent did the defendant's behavior create a substantial risk of harm to others or to societal values?

6. What was the duration of the behavior? Has it ceased or is it ongoing?

7. To what degree was the defendant's behavior a single act or a series of acts reflecting a pattern of reprehensible behavior?

8. Did the defendant attempt to conceal the actions or cover up the harm caused by them?

9. To what degree does the defendant now appear to have remorse for the behavior?

10. To what degree are there any other mitigating or excusing circumstances that should reduce the amount of the punitive damages award?

Factors that You Must Not Consider

1. Any punitive damages that you award, if you decide to award them, must not be to compensate for harm that the defendant's conduct caused or may have caused some other person in our state or elsewhere that is not a party to this lawsuit. The reason is because that person or persons may bring a lawsuit of their own and require a different jury to resolve their claims.

2. You must not consider behavior or injuries to others that occurred outside of this state. That is for the citizens of other states to decide.

Fairness

The United States Supreme Court and our state courts are concerned about fairness when punitive damages are awarded. Fairness not only involves the plaintiff and societal interests of the citizens of our state in deterring reprehensible behavior, fairness must extend to the defendant as well.

1. An award may take into consideration the relative wealth of the defendant. A larger punitive award may be required for a defendant of great wealth in comparison to a defendant of lesser wealth.

2. You must not, however, punish the defendant solely because the defendant is wealthy.

3. Any award that you give must bear a reasonable relationship to the actual or potential harm caused by the defendant's behavior. The amount of compensatory damages that you awarded may be one guideline but you may consider other factors as well.

Totality of Circumstances

Punitive damages must take into consideration all of the factual circumstances that you have learned about during the trial and the legal guidelines that are set out above. (Adapted from Fairness Through Guidance: Jury Instruction on Punitive Damages After Philip Morris v. Williams, by Neil Vidmar and Matthew W. Wolfe, 2007.)

## JURY INSTRUCTION NO. 16

Unanimous Verdict

When you retire, you should elect one member of the jury as your foreperson. That person will preside over the deliberations and speak for you here in court.

The verdict must represent the considered judgment of each juror. In order to return a verdict, it is necessary that each juror agree. Your verdict must be unanimous (see FRCP Rule 48).

A verdict form has been prepared for your convenience. You will take the form to the jury room. Please note that the verdict form contains several questions. The answer to each question must be the unanimous answer of the jury. Your foreperson will write the unanimous answer for the jury

in the space provided at the end of each question. As you will note from the instructions in the verdict form, depending on how you answer a question, it may or may not be necessary to answer the next question. Follow the instructions provided. The foreperson will then date and sign the verdict form, and you will then return with it to the courtroom.

It is your duty, as jurors, to consult with one another, and to deliberate with a view to reaching an agreement, if you can do so without sacrificing your individual judgment. You must each decide the case for yourself, but only after an impartial consideration of the evidence in the case with your fellow jurors. In the course of your deliberations, do not hesitate to reexamine your own views and change your opinion if convinced it is erroneous. But do not surrender your honest conviction as to the weight or effect of evidence, solely because of the opinion of your fellow jurors, or for the mere purpose of returning a verdict.

Remember and all times that you are not partisans. You are judges – judges of the facts. Your sole interest is to seek the truth from the evidence in the case. (Adapted from Devitt, Blackmar & Wolff §§ 74.01, 74.07)

### JURY INSTRUCTION NO. 17

Communication with the Court

If it becomes necessary during your deliberations to communicate with me, you may send a note through the marshal or bailiff, signed by your foreperson or by one or more members of the jury. No member of the jury should ever attempt to communicate with a representative of the court except by a signed writing. I will communicate with any member of the jury only in writing, or orally here in open court. If you do send out a question, the law requires that I consult with the lawyers before answering it, which will necessarily take some time. You should continue your deliberations while waiting for the answer to any questions. Remember that you are not to tell anyone – including me – how the jury stands, numerically or otherwise, until after you have reached a unanimous verdict or have been discharged.

After you have reached unanimous agreement on a verdict, your foreperson will fill in the verdict form that has been given to you, sign and date it, and advise the bailiff outside your door that you are ready to return to the courtroom.

### CONCLUSION

The parties respectfully reserve the right to submit additional or modified requests as the progress of the trial and presentation of the evidence may require.

Dated:          March 10, 2010
                New York, New York

Respectfully submitted:

_ electronic signature_____
Law Office of Andrew C.
Laufer, PLLC
Andrew C. Laufer

_ electronic signature_____
Tacopina, Seigel, & Turano, P.C.
Joseph Tacopina

_ electronic signature_____
Popick, Rutman, & Jaw, LLP
Rick Rutman