# Law Office of Andrew C. Laufer, PLLC

**255 West 36th Street, Suite 1104**
**New York, NY 10018**
(212) 422-1020 - phone
(212) 422-1069 - facsimile

E-Mail: **alaufer@lauferlawgroup.com**

March 11, 2010

**Via ECF**
Honorable Justice Roslynn R. Mauskopf
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re:     Sammarco v. NY 1, et al.
        Docket # 02 Civ 6239
        Re:    Plaintiff's Letter Brief for Motions in Limine

Dear Justice Mauskopf:

    As you know this firm, along with the firms of Tacopina, Seigel, & Turano, P.C., and Popick, Rutman, and Jaw, LLP are counsel for the plaintiff in the referenced action.

    This letter shall serve as plaintiff's letter brief in favor of its motions in limine.

    We intend to move in limine on several issues, the first being collateral estoppel on the issue of whether the plaintiff was fired or quit. Accordingly, plaintiff moves to preclude defendants from offering any evidence that plaintiff voluntarily left her employment with NY1, was terminated for misconduct or was not terminated for making complaints to her employer about being sexually harassed.

    Plaintiff moves in limine requesting collateral estoppel affect on the following issues by the Unemployment Insurance Appeal Board in the attached decision:

    (1) During the last year of Adele Sammarco's employment, she complained to NY 1 about being sexually harassed by her boss. In response to the complaint, her boss in February 2001 informed her that she needed to look for another job and then on March 2, 2001 informed her that she been permanently replaced.

    (2) That Adele Sammarco did not voluntarily leave her employment.

    (3) That Adele Sammarco was not terminated for misconduct.

    In addition plaintiff moves to preclude defendants from offering any evidence that plaintiff voluntarily left her employment, was terminated for misconduct or was not terminated

for making complaints to her employer about being sexually harassed.

The decision should be given collateral estoppel effect, under the principals of full faith and credit.

Under the principles of full faith and credit set out in 28 U.S.C. §1738, a federal court must give to a state court judgment the same preclusive effect as would be given to the judgment under the law of the state in which the judgment was rendered. Giakoumelos v. Coughlin, 88 F.3d 56, 59 (2d Cir. 1996). This rule applies with equal force to actions brought under 42 U.S.C. §1983. Allen v. McCurry, 449U.S. 90, 103-04 (1980). New York law therefore governs the determination of what preclusive effect would be given to factual findings made by the Commission.

In New York, the doctrine of collateral estoppel, or issue preclusion, "bars a party from relitigating in a subsequent proceeding an issue clearly raised in a prior proceeding and decided against that party where the party to be precluded had a full and fair opportunity to contest the prior determination." Weiss v. Manfredi, 83 N.Y.2d 974, 976, 616 N.Y.S.2d 325, 639 N.E.2d 1122 (1944). There are two requirements for the invocation of the doctrine of collateral estoppel: (1)'[t]here must be an identity of issue which has necessarily been decided in the prior action and is decisive of the present action" and (2) "there must have been a full and fair opportunity to contest the decision now said to be controlling." Schwartz v. Public Administrator of Bronx. Co., 24 N.Y.2d 65, 71, 298 N.Y.S.2d 955, 246 N.E.2d 725 (1969). With regard to the first portion of this test, "gratuitous" findings, that is, those not essential to the determination, lack a preclusive effect. "A finding of fact in an earlier proceeding, even though put in issue by the pleadings there, is not binding in a later proceeding, if the finding of fact was not essential to the determination of the earlier proceeding." Menna v. Joy, 86 A.D.2d 138, 141, 449 N.Y.S.2d 48, 49 (1st Dep't 1982)(citing Silberstein v. Silberstein, 218 N.Y. 525, 113 N.E. 495 (1916)); see also Wilder v. Thomas, 854 F.2d 605, 620 (2d Cir. 1988).

Although there is no gloss offered by the New York case law on the term "decisive of the present action" in the standard, "the most reasonable construction of this term is as follows: an issue is 'decisive in the present action' if it would prove or disprove, without more, an essential element of any of the claims set forth in the complaint. A stricter definition of the term would render collateral estoppel virtually indistinguishable from res judicata; a broader definition would leave the additional requirement of 'decisiveness' without meaning." Curry v. City of Syracuse, 2003 WL 122076, *6(2d Cir. Jan. 15, 2003).

A determination whether the first action or proceeding genuinely provided a full and fair opportunity requires consideration of "the 'realities of the [prior] litigation', including the context and other circumstances which ... may have had the practical effect of discouraging or deterring a party from fully litigating the determination which is now asserted against him." People v. Plevy, 52 N.Y.2d 58, 65, 436 N.Y.S.2d 224, 417 N.E.2d 518 (1980). Among the specific factors to be considered are the nature of the forum and the importance of the claim in the prior litigation, the incentive and initiative to litigate and the actual extent of litigation, the competence and expertise of counsel, the availability of new evidence, the differences in the applicable law and the foreseeability of future litigation. Gilberg v. Barbieri, 53 N.Y.2d 285,

292, 441 N.Y.S.2d 49, 423 N.E.2d 807(1986); Schwartz v. Public Administrator, 24 N.Y.2d 65, 72, 298 N.Y.S.2d 955, 246 N.E.2d 725.

The application of collateral estoppel applies only where the circumstances indicate the issue estopped from further consideration was thoroughly explored in the prior proceeding, and that the resulting judgment thus has some indicia of correctness. Gelb v. Royal Globe Ins. Co., 798 F.2d 38, 44 (2d Cir. 1986). Under New York law, appellate review generally plays a central role in safeguarding the correctness of judgments. Malloy v. Trombley, 50 N.Y.2d 46, 51, 427 N.Y.S.2d 969, 405 N.E.2d 213 (1980). Collateral estoppel cannot be applied without first considering the availability of such review. If a party has not had an opportunity to appeal an adverse finding, then it has not had a full and fair opportunity to litigate that issue. People v. Medina, 208 A.D.2d 771, 772, 617 N.Y.S.2d 491 (2d Dep't 1994); Gelb, 798 F.2d at 44; accord Restatement (Second) of Judgments §28(1)(2002).

The doctrines of res judicata and collateral estoppel give conclusive effect to the quasi-judicial determinations of administrative agencies, as well as to determinations by courts. Matter of Evans v. Monaghan, 306 N.Y. 312, 323-324, 118 N.E.2d 452 (1954); Parklane Hosiery Co. v. Shore, 439 U.S. 322, 99 (1979). Collateral estoppel applies to determinations rendered pursuant to the adjudicatory authority of an agency to decide cases brought before its tribunals employing procedures substantially similar to those used in a court of law. Venes v. Community School Bd., 43 N.Y.2d 520, 524, 402 N.Y.S.2d 807, 373 N.E.2d 987 (1978); Bernstein v. Birch Wathen School, 71 A.D.2d 129, 132, 421 N.Y.S.2d 574 (1st Dep't 1979), aff'd 51 N.Y.2d 932, 434 N.Y.S.2d 994, 415 N.E.2d 982 (1980); see also Newsday, Inc. v. Ross, 80 A.D.2d 1, 5, 437 N.Y.S.2d 376 (2d Dep't 1981). "In the application of collateral estoppel with respect to administrative determinations, the burden rests upon the proponent of collateral estoppel to demonstrate the identicality and decisiveness of the issue, while the burden rests upon the opponent to establish the absence of a full and fair opportunity to litigate the issue in prior action or proceeding." Ryan v. New York Telephone Co., 62 N.Y.2d 494, 501, 467 N.E.2d 487, 491, 478 N.Y.S.2d 823, 827 (1984).

The First Department in Ryan v. New York Telephone Company, 62 N.Y.2d 494, 467 N.E.2d 487, 478 N.Y.S.2d 823 (Ct. Of App. 1984) found that findings of fact from the Unemployment Board met the criteria for the application of collateral estoppel.

In the instant case all the criteria for collateral estoppel to apply to the Unemployment Board's finding is met.

The facts and issues regarding the circumstances surrounding Adele Sammarco's departure from NY1 were thoroughly explored at the Unemployment Board; NY1 was represented by counsel. It had the opportunity to appeal the Unemployment Insurance Appeal Board's decision by way of an appeal to the Supreme Court and there is an identity of the issues regarding essential elements set forth in the complaint.

Plaintiff's further avers that since the issue of plaintiff's termination was decided in plaintiff's favor with a finding that "she needed to look for another job" because of her complaint

about being sexually harassed, plaintiff deserves summary judgment on the issue of retaliation.

The second motion shall attempt to preclude various documentation which were exchange by prior counsel, Richard Emery, which we believe are protected by the attorney-client privilege.

These documents are client communications which occurred between Ms. Sammarco and Mr. Emery. They are designated in defendants Exhibit list as DX 28-34 and are attached hereto. These documents contain several statements between Mr. Emery and Ms. Sammarco of a legal nature. It is our impression that these documents were mistakenly exchanged with the defendants after Mr. Emery was discharged by the court because of a conflict of interest. Mr. Emery exchanged these privileged documents along with several other non-privilege documents depicting the contract negotiations with Defendant Paulus.

The court has held that "opponent's communication to lawyer seeking assessment of how to legally terminate contract was protected by (the) attorney-client privilege." See Lifewise Master Funding, et al v. Telebank, et al 206 FRD 298 (2002).

In the present instance, Ms. Sammarco was asking for a legal opinion as to the effect of her being harassed on her contract negotiations. We believe that this falls within the purview of protection afforded in Lifewise, supra. See United Mine Workers v. Arch Mineral Corp., 145 FRD 3, 6 (DDC 1992). See also American Bar Association's (ABA) Formal Ethics Opinion 92-368, entitled "Inadvertent Disclosure of Confidential Materials."

The third motion in limine is a motion to preclude both witness and exhibits contained within defendant's submission to the JPTO.

Defendants offer Dave Aloiso, Amy Boon, Myrtle Suban, Lewis Dodley, Hayley Friedman, Gerry Gallagher, Baron Gullette, Marvin Hoffman, Beryl Holness, Leslie Martelli-Hines, Annika Pergament, John Tenke, Kristen Shaughnessy, Roma Torre, Joe Truncale, Bernadine Han, as witnesses who will testify as to their knowledge regarding the non-hostile work environment and the plaintiff's weakness as a reporter/anchor. It is unclear why the defendants require 17 witnesses to testify to the same facts. Regardless of relevance, offering these 17 witnesses is clearly cumulative and the defendants should be precluded from doing so.

Furthermore, most if not all of the aforementioned defense witnesses were not supervisors nor had direct supervisory control of Ms. Sammarco. Moreover, witnesses such as Beryl Holness, who left NY1 in 1997, were not even employed during the instances of harassment and retaliation as described in the plaintiffs amended complaint.

Defendants also offer a subsequent employer of Ms. Sammarco, Frances X. Paula Huber with defense exhibits 63 and 64. Ms. Huber is currently the Executive Director of the Snug Habor Cultural Center (hereinafter SHCC). After several years of unemployment, Ms. Sammarco was offered a job at the Center. This job had nothing to do with the news industry. It was taken because the plaintiff needed a job. It is difficult to fathom the relevance of calling this witness. She cannot testify as to the hostile work environment, retaliation, or pay disparity

claims of the plaintiff. Nor can she testify to any of the affirmative defenses that have been raised by the defendants. In the JPTO they raise an issue of failure to mitigate her damages by quitting this job, however, they fail to offer any evidence of whether or not Ms. Sammarco had good reason or justification to do so. Greenway v. Buffalo Hilton Hotel, 951 F.Supp. 1039, 20 A.D.D. 950, 9 NDLR P 148, WDNY 1997.

The defendants also attempt to blame Ms. Sammarco's complaints of harassment and retaliation upon the demise of her relationship with her fiancé via the expert testimony of Dr. Paul Nassar. Only relevant testimony may be admitted pursuant to FRE 402. Evidence is relevant only if it has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." FRE. 401. See, Gage v Metro. Water Reclamation Dist. of Greater Chicago, 365 F.Supp.2d 919, 927 (ND Ill 2005) ("It is … appropriate to strike matters whose materiality is highly unlikely or whose effect would be prejudicial."); *see also*, Parrish v. Sollecito, 2002 U.S. Dist. LEXIS 9453 *5 (SDNY 2002) *citing*, Lipsky v.Commonwealth United Corp., 551 F.2d 887, 893 (2d Cir. 1976). In, Gage, a Title VIIaction for racially motivated termination, the court excluded "insinuations" relating to an alleged extramarital relationship with a commissioner of the defendant water district. Indeed, the defendant withdrew the evidence, acknowledging its irrelevance to its defense against the underlying claim.

Any claim that her relationship breakup was related to her on the job performance is outside the scope of Dr. Nassar's expert opinion or related to any emotional problems she was suffering from post termination.

The relevance of defendants exhibits DX1-5, 8, and 9 are not apparent. They appear to be documents from 1995-1996 which pre-date any complaints of harassment or retaliation. Therefore, we request that these documents be precluded.

Ms. Sammarco further reserves her right to move in limine as the relevance of evidence or witness's become more or less apparent.

Thank you for your time and consideration of this matter.

Yours very truly,

Andrew C. Laufer

ACL/nb
Cc:

Kenneth Margolis, Esq – Via ECF
Kauff McClain McGuire, LLP
950 Third Avenue, 14th Flr.
New York, NY 10022

Betsy Plevan, Esq. – Via ECF
Proskauer Rose, LLP
1585 Broadway
New York, NY 10036-8299