# KM&M
KAUFF McGUIRE & MARGOLIS LLP

950 THIRD AVENUE · FOURTEENTH FLOOR
NEW YORK, N.Y. 10022

KENNETH A. MARGOLIS
DIRECT DIAL: (212) 909-0705
DIRECT FAX: (212) 909-3505
MARGOLIS@KMM.COM

TELEPHONE (212) 644-1010
FACSIMILE (212) 644-1936

NEW YORK
LOS ANGELES
WWW.KMM.COM

March 30, 2010

**Via Facsimile and ECF**
Honorable Rosalyn R. Mauskopf
United States District Judge
Eastern District of New York
United States District Court
225 Cadman Plaza East
Brooklyn, NY 11201

Re:  Sammarco v. NY 1 et al.
     Civil Action No.: 02-cv-6239 (RRM) (JMA)
     KM&M File No. 08315.6943

Dear Judge Mauskopf:

We are co-counsel for Defendants in the above-captioned case.

At a pre-trial conference conducted on December 4, 2009, the Court directed the parties to file by January 11, 2010 witness proffers, describing the subject matter of the proposed testimony of each of their witnesses. This directive was issued because of the large number of witnesses the parties had identified. Accordingly, as explained by the Court, the purpose of the proffers was to allow each party to ascertain whether there was a basis for filing a motion *in limine* to preclude the testimony of any witnesses identified by the adverse party. On the basis of Plaintiff's proffer, Defendants filed a motion *in limine* with regard to several proposed witnesses. Plaintiff filed her opposition to that motion on March 26, 2010 ("Plaintiff's Opposition").

Having reviewed Plaintiff's Opposition, it is apparent that Plaintiff has now substantively expanded the proposed testimony of certain witnesses, to include subject matters well beyond the scope of the subjects identified in Plaintiff's proffer.[1] Accordingly, we write respectfully to request: (1) that the Court, in considering Defendants' motion, disregard the portions of Plaintiff's Opposition in which Plaintiff refers to anticipated testimony not identified in Plaintiff's proffer; (2) that the Court

---

[1] For the convenience of the Court, we attach a copy of the portion of the proposed Joint Pre-Trial Order filed by Plaintiff on March 11, 2010 which includes Plaintiff's proffers.

4837-4080-2309.1

**KM&M**
KAUFF McGUIRE & MARGOLIS LLP

Honorable Rosalyn R. Mauskopf
March 30, 2010
Page 2

preclude Plaintiff from offering testimony on these new subjects, outside the scope of her proffer; or (3) alternatively, that Defendants be permitted to supplement their motion *in limine* to address the new testimony subjects identified for the first time in Plaintiff's Opposition. The specific witnesses who are the subject of this application are set forth below.

*Amy Boon*

In her proffer, Plaintiff identified Amy Boon as a witness solely with respect to Plaintiff's claim of retaliation, and described her anticipated testimony as follows: "Spoke to Dan Forman, former News Director at ABC, withdrew job offer for Adele after speaking to Steve Paulus."

However, in Plaintiff's Opposition, Plaintiff expands the proposed subjects of Ms. Boon's testimony to include subjects relating to her claim of hostile work environment sexual harassment, stating as follows: "Ms. Boon will also testify to defendant Paulus's use of sexually vulgar language in the news room as well as his inappropriate relationship with a subordinate, Rose Del Castillo. The aforementioned is clearly relevant as to the plaintiff's retaliation and hostile work environment claims." .

*Enez Paganuzzi*

In her proffer, Plaintiff described the anticipated testimony of Enez Paganuzzi as follows: "Assignment Manager who advised Adele to log sexual harassment complaints with HR Manager Elizabeth Fanfant; also said she told Jeff Simmons that the altered breast photo was quote, 'Not a good idea,' to circulate at company picnic."

In Plaintiff's Opposition, however, Plaintiff adds entirely new subjects to the proposed testimony of Ms. Paganuzzi, as follows:

> She will testify that she was the individual who NY1 management, specifically Elizabeth Fanfant, sent to Albany during the Amadou Diallo trial. At that trial, Ms. Sammarco was repeatedly referred to as "BBB" or "Big Butt Booty" by the camera and truck crew. Ms. Paganuzzi will give testimony that she was sent not to "deal" with the hostile work environment the plaintiff was subject to This testimony negates the defense that the company was trying to investigate Adele Sammarco's claims and resolve any problems related thereto.

The significantly expanded subjects of proposed testimony of Ms. Boon and Ms. Paganuzzi give rise to various substantive objections which Defendants were

**KM&M**
KAUFF McGUIRE & MARGOLIS LLP

Honorable Rosalyn R. Mauskopf
March 30, 2010
Page 3

unable to address in their motion *in limine* since these subjects were not identified in Plaintiff's proffer. If granted leave to do so, Defendants will promptly supplement their motion to address these additional objections. However, Defendants respectfully request that, having failed to include these subjects in a timely proffer, filed in accordance with the deadline set by the Court, Plaintiff should be precluded from offering testimony on these new subjects.

Thank you for your consideration.

Very truly yours,

/AMG
Kenneth A. Margolis

cc:  Andrew Laufer, Esq.
     Bettina Plevan, Esq.
     Keisha-Ann Gray, Esq.

4837-4080-2309.1

10. On August 7, 1999, NY1 held a staff picnic.

11. Ms. Sammarco's last day at NY1 was in or about March 2001.

12. Sammarco's contract expired in July 1999 and she continued to work without a contract until 2001.

8. *A list by each party as to the witnesses (fact and expert) whose testimony is to be offered in its case in chief, indicating whether such witnesses will testify in person or by deposition. Only listed witnesses will be permitted to testify except when prompt notice has been given and good cause shown.*

Plaintiff: **Sexually Hostile Work Environment**

**Adele Sammarco** - Plaintiff
**Spresa Sukalic** – News Assistant/Field Producer who attended NY1 holiday dinners and heard sexualized comments made by Steve Paulus. Complained about sexualized comments and atmosphere to management.
**Hailey Friedman** – News Assistant/Producer who witnessed sexualized Comments; was at Diallo trial in Albany and witnessed plaintiff being called "BBB" as well as other highly sexualized remarks
**Jeff Carey** - Deposed by the parties; witnessed Enhanced Breast Image throughout NY1 office; attended a Company dinner where Steve Paulus asked everyone attending who they would rather sleep with Adele or another female reporter. Also witnessed Steve Paulus ask everyone's opinion as to who had bigger breasts, Adele or another female reporter.
**Doug Dillon** - Saw Enhanced Breast Image; also saw Jeff Simmons edited zipper video for Christmas party dubbed with pornographic sounds. Witnessed Steve Paulus make sexual overtures to female staff/reporters. Also saw Steve Paulus and Bernie Han "making out ". Han is now the NY1 News Director.
**Sean McKenna** – Live Truck Operator who told Adele that he witnessed several of the male crew at the Diallo trial referring to Adele as B.B.B.
**Jimmy Breslin** – Was at NY1 office and saw the Enhanced Breast Image of Adele and saw Adele crying because of it while driving him home.
**Terrence Nelson** – Deposed by the parties. Witnessed Sexualized Comments.
**Dominic Carter** – Witnessed sexualized comments by management.
**Steve Paulus** –Defendant
**Peter Landis** – Defendant
**Elizabeth Fanfant** - Defendant
**Dave Aloisio** – Witnessed Sexualized Comments – Attended a meeting with Elizabeth Fanfant related to Adele's harassment.
**Jeffrey Simmons** – Alleged Creator of the Enhanced Breast Image of the Plaintiff; participated in sexualized comments and atmosphere at NY1.
**Gary Anthony Ramsey** – Sexually assaulted plaintiff on a car ride home from an industry party in Manhattan at Café Eguana

4851-4576-4610.9

**Jesse Zanger** – News Assistant who was also at company dinner and witnessed sexualized comments by Steve Paulus, also witnessed sexualized atmosphere at NY1. Attended a meeting with Elizabeth Fanfant regarding the events at the Diallo trial involving Adele and Hailey Friedman and the news assistants and the inappropriate sexual comments made by said assistants.

**Retaliation**

**Adele Sammarco** – Plaintiff
**Jonathan Dienst** – Former Police Reporter before plaintiff witnessed sexualized comments from and fueled by Steve Paulus in NY1 newsroom. Has intimate knowledge of the actions of Steve Paulus regarding plaintiff's firing.
**Melissa Russo** – Heard Steve Paulus call her boyfriend, "Schlong", and told Adele that she "*knew Steve would get into trouble one day*".
**Amy Boon** – Spoke to Dan Forman, former News Director at ABC, withdrew job offer for Adele after speaking to Steve Paulus
**Enez Paganuzzi** –Assignment Manager who advised Adele to log sexual harassment complaints with HR Manager Elizabeth Fanfant; also said she told Jeff Simmons that the altered breast photo was quote, "Not a good idea", to circulate at company picnic
**Dennis Sheehan** – Television News Consultant who worked at CBS News in the 1970's with Steve Paulus's father; referred Reporters to Steve Paulus such as Jonathan Dienst for jobs; tried to help Adele get back into TV news by asking TV Agent Carol Leff of SFX Media to make calls to News Managers, but was told 'no one wanted to get involved in hiring Adele' after what happened to her at NY1; said Adele was 'blackballed'
**Steve Paulus -** Defendant
**Peter Landis -** Defendant
**Elizabeth Fanfant -** Defendant
**Tara Pinho** – Was directed by Peter Landis not to show Adele Judges' comments for the AP award, but gave Adele a copy of remarks anyway.
**Richard Emery** – Steve Paulus told Emery that Adele would be blackballed and would never get another job in the industry after all her complaints; Richard Emery told Adele that she was "blackballed" and "would never work in the business again".
**Dominic Carter** – Left phone message on Adele's answering machine stating she received a "Raw Deal" from management.
**Jesse Zanger-** left three phone messages for Adele; witnessed sexual harassment and abusive language toward Adele
**John Miller** – Arranged an interview for Plaintiff at ABC with Dan Forman. Was told by Dan Forman that he would not hire her b/c of his conversation with Steve Paulus and from what he heard from Amy Boon
**Ray Hagemann** – Private Investigator – Witnessed Peter Landis taking Adele off news stories; came into NY1 newsroom

### Equal Pay

**Adele Sammarco** – Plaintiff
**Richard Emery** – Adele was paid less than male reporters similarly situated.
**Gary Anthony Ramsey** – Was paid more than Adele and had similar job duties.
**Jeff Simmons** – Was paid more than Adele and had similar job duties.
**Phil O'Brien** – Former News Director; Aware of pay scales and contracts
**Steve Paulus** - Defendant
**Peter Landis** - Defendant
**Elizabeth Fanfant** - Defendant

### Damages

**Lucy Barish, LCSW** – Treating healthcare provider for Plaintiff
**Richard Emery** – Involved in negotiating all of Plaintiff contracts and business arrangements with the defendants. Aware of defendant's motivations related to their unlawful conduct towards the plaintiff.
**Adele Sammarco** - Plaintiff

### Rebuttal

**Adele Sammarco** - Plaintiff
**Eric Adams** – NYS Senator – Founder of "100 Blacks in Law Enforcement". Stated that Plaintiff *"did a lot of good for a lot of people."*
**Pat Lynch** – President – PBA – Interviewed by Adele several times. "Adele was an excellent reporter."
**Randy Credico** – Adele's reporting helped free a young woman held under the Rockefeller Drug Laws which led to Adele receiving a William Kunstler citation for Excellence in Journalism.


Defendants:

| Name | Anticipated Testimony |
|---|---|
| Dave Aloisio | Mr. Aloisio has knowledge of the work environment at New York 1. |
| Amy Boon | Ms. Boon has knowledge of the work environment at New York 1. |
| Dominic Carter | **Mr. Carter has knowledge of (1) the work environment at New York 1, and (2) Plaintiff's weaknesses as a reporter** |

4851-4576-4610.9