# KM&M
KAUFF McGUIRE & MARGOLIS LLP

950 THIRD AVENUE · FOURTEENTH FLOOR
NEW YORK, N.Y. 10022

TELEPHONE (212) 644-1010
FACSIMILE (212) 644-1936

KENNETH A. MARGOLIS
DIRECT DIAL: (212) 909-0705
DIRECT FAX: (212) 909-3505
MARGOLIS@KMM.COM

NEW YORK
LOS ANGELES
WWW.KMM.COM

April 2, 2010

**Via Facsimile and ECF**
Honorable Rosalyn R. Mauskopf
United States District Judge
Eastern District of New York
United States District Court
225 Cadman Plaza East
Brooklyn, NY 11201

Re: Sammarco v. NY 1 et al.
Civil Action No.: 02-cv-6239 (RRM) (JMA)
KM&M File No. 08315.6943

Dear Judge Mauskopf:

We are co-counsel for Defendants in the above-captioned case.

By letter dated March 31, 2010, Andrew C. Laufer, counsel for Plaintiff, acknowledged that, in opposition to Defendants' motion *in limine*, Plaintiff had expanded the proposed testimony of two proposed witnesses, Amy Boon and Enez Paganuzzi, beyond the subject matters stated in Plaintiff's previously filed proffer. Contrary to Mr. Laufer's suggestion, the Court directed the filing of witness proffers for the specific purpose of enabling each party to determine whether a motion in limine was appropriate. Consequently, Plaintiff should be precluded from offering testimony of Ms. Boon or Ms. Paganuzzi on subjects not included in Plaintiff's proffer.

However, inasmuch as Mr. Laufer states that he has no objection to the submission of further argument by Defendants regarding Plaintiff's newly-advanced subjects of these witnesses' proposed testimony, we address those issues below.

*Amy Boon*

In her proffer, Plaintiff did not identify Amy Boon as a witness with respect to her claim of hostile work environment sexual harassment. However, in Plaintiff's Opposition to Defendant's Motion *in Limine* ("Plaintiff's Opposition"), Plaintiff expanded the proposed subjects of Ms. Boon's testimony to include the

**KM&M**
KAUFF McGUIRE & MARGOLIS LLP

Honorable Rosalyn R. Mauskopf
April 2, 2010
Page 2

following: "Ms. Boon will also testify to defendant Paulus's use of sexually vulgar language in the news room as well as his inappropriate relationship with a subordinate, Rose Del Castillo. The aforementioned is clearly relevant as to the plaintiff's retaliation and hostile work environment claims."

We note initially that, in his letter, Mr. Laufer misleads the Court by his assertion that his recent, substantial expansion of the subjects of Ms. Boon's testimony is harmless because "[D]efendants were aware of this information as they thoroughly questioned [P]laintiff regarding it." The deposition excerpt Mr. Laufer provides shows the opposite; Plaintiff did *not* testify that Ms. Boon had knowledge about alleged use of vulgar language by Steve Paulus nor about any alleged inappropriate relationship between Mr. Paulus and another employee.

In any event, Ms. Boon's employment with Defendant NY1 ended in 1996, some three (3) years before Plaintiff lodged her first internal complaint of conduct she alleges to constitute sexual harassment. As such, the proposed testimony is utterly irrelevant to the issues at trial and should be precluded wholly apart from Plaintiff's failure to include it in his witness proffer.[1] *See, e.g., Perry v. Ethan Allen, Inc.*, 115 F.3d 143, 151 (2d Cir. 1997) (affirming exclusion of evidence of events, in part, "on the ground that they were too remote to have probative value"); *Hardy v. Town of Greenwich*, 629 F. Supp. 2d 192, 195 (D. Conn. 2009) (excluding certain background evidence on the grounds that, *inter alia,* its probative value "is significantly reduced by its remoteness to the time period at issue").

*Enez Paganuzzi*

In her proffer, Plaintiff described the anticipated testimony of Enez Paganuzzi as follows: "Assignment Manager who advised Adele to log sexual harassment complaints with HR Manager Elizabeth Fanfant; also said she told Jeff Simmons that the altered breast photo was quote, 'Not a good idea,' to circulate at company picnic."

In Plaintiff's Opposition, however, Plaintiff expands to proposed testimony of Ms. Paganuzzi to include the following:

> She will testify that she was the individual who NY1 management, specifically Elizabeth Fanfant, sent to Albany during the Amadou Diallo trial. At that trial, Ms. Sammarco was repeatedly referred to as "BBB" or "Big Butt Booty" by the camera and truck crew. Ms. Paganuzzi will give testimony that she was sent not to "deal" with the hostile work environment the plaintiff was subject to. This

---

[1]

**KM&M**
KAUFF McGUIRE & MARGOLIS LLP

Honorable Rosalyn R. Mauskopf
April 2, 2010
Page 3

testimony negates the defense that the company was trying to investigate Adele Sammarco's claims and resolve any problems related thereto.

We do not understand Mr. Laufer to be suggesting that Ms. Paganuzzi witnessed the alleged conduct in Albany referred to above; rather, the sole purpose of this testimony appears to be to "negate" a "defense" that NY1 sent Ms. Paganuzzi to Albany to investigate Plaintiff's complaints about that alleged conduct. This proposed testimony is a red herring. No internal complaint was ever lodged by Plaintiff or anyone lese regarding any alleged sexually inappropriate conduct in Albany. Therefore, Defendants have not contended and do not contend that Ms. Paganuzzi was sent to Albany to investigate any such complaint of sex misconduct or, for that matter, any complaint related to Plaintiff. Accordingly, the proposed testimony to "negate" this defense is entirely immaterial to the issues at trial.

For the foregoing reasons, Defendants reiterate their request that, having failed to include these subjects in a timely proffer, filed in accordance with the deadline set by the Court, Plaintiff should be precluded from offering testimony on these new subjects. In the alternative, the proposed testimony should be precluded because, for the reasons discussed above, it is not relevant to the issues in dispute.

Thank you for your consideration.

Very truly yours,

Kenneth A. Margolis

cc: Andrew Laufer, Esq.
    Bettina Plevan, Esq.
    Keisha-Ann Gray, Esq.

4822-3249-3829.2