

Proskauer Rose LLP   1585 Broadway   New York, NY 10036-8299

April 9, 2010

Bettina B. Plevan
Member of the Firm
d 212.969.3065
f 212.969.2900
bplevan@proskauer.com
www.proskauer.com

**By ECF**

Hon. Roslynn R. Mauskopf
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

Re:   <u>Sammarco v. New York 1, et al.</u>, Civil Case No. 02- 6239 (RRM)(JMA)

Dear Judge Mauskopf:

We write in response to Plaintiff's Amended Proposed Jury Instructions, which still do not reference New York State or City law.

However, Plaintiff's Amended Instruction No. 15 (the first of the Jury Instructions No. 15) now deletes the language stating that back or front pay is for the Court to decide. As set out in Plaintiff's original proposed jury instructions and in Defendants' proposed jury instructions, the Court, not the jury, should determine what back and/or front pay, if any, Plaintiff should receive. The law in this Circuit is clear on this point. See <u>Broadnax v. City of New Haven</u>, 415 F.3d 265, 271 (2d Cir. 2005) ("Because a lost wages award – whether in the form of back pay or front pay – is an equitable remedy, a party is generally not entitled to a jury determination on the question.").

Even if Plaintiff asserts state and city law claims, back pay and front pay issues are for the Court, not the jury, to decide. See <u>Tse v. UBS Fin. Servs., Inc.</u>, 568 F. Supp. 2d 274, 296 (S.D.N.Y. 2008) (Rakoff, J.) ("Had defendant raised this issue [of whether a court should allow the jury to determine economic damages under state and city law] prior to trial, the Court presumably would have agreed with defendant at that time and held that plaintiff was not entitled to a jury trial on any of her claims, including her [NY]SHRL and [NY]CHRL claims . . ."); <u>Osorio v. Source Enters., Inc.</u>, No. 05 Civ. 10029 (JSR), 2007 U.S. Dist. LEXIS 18725, at *5 (Lynch, J.) (where plaintiff filed claims under Title VII, NYSHRL, and NYCHRL, the Court, not the jury, determined lost wages award).

We would also like to clarify why Defendants did not submit certain proposed jury instructions. Defendants did not submit a proposed jury instruction regarding supervisor harassment because we do not anticipate there will be evidence at trial of any such supervisor harassment.

Proskauer»

Hon. Roslynn R. Mauskopf
April 9, 2010
Page 2

Finally, Defendants did not submit a proposed jury instruction regarding punitive damages because we do not expect there will be evidence to support an award of punitive damages.

Respectfully submitted,

Bettina B. Plevan

cc: Andrew C. Laufer, Esq.
Kenneth A. Margolis, Esq.
Keisha-Ann G. Gray, Esq.