

Proskauer Rose LLP   1585 Broadway   New York, NY 10036-8299

April 13, 2010

**By ECF**

Hon. Roslynn R. Mauskopf
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

Bettina B. Plevan
Member of the Firm
d 212.969.3065
f 212.969.2900
bplevan@proskauer.com
www.proskauer.com

Re:   <u>Sammarco v. New York 1, et al., Civil Case No. 02- 6239 (RRM)(JMA)</u>

Dear Judge Mauskopf:

Defendants request that Plaintiff's New York City and State law claims and her claims against the individual defendants be dismissed. Plaintiff failed to comply with your April 5th instruction to submit proposed jury instructions on these claims. When Plaintiff submitted amended proposed jury instructions on April 9th, they did not include any instructions on the city or state law claims.

The only references to the individual defendants are three questions in the special verdict form filed on April 9, 2010, which only inquire as to whether the individual defendants aided and abetted a hostile work environment based on sex. There are no questions regarding a retaliation or compensation discrimination claim against them.

Thereafter, the Court issued an Order requiring Plaintiff to submit proposed instructions on the city and state law claims by the end of the day on April 9th. Plaintiff again failed to comply with your Order and did not file such proposed instructions until April 12th, the first day of trial.[1] Plaintiff's April 12th proposed instructions still fail to make any mention of the individual defendants. Accordingly, Defendants respectfully request that the court dismiss Plaintiff's claims against the individual defendants.

Also, in Plaintiff's April 12th proposed instructions, she still does not submit any instruction regarding her claim of retaliation under city law. Defendants respectfully request that the court dismiss this claim, as it has apparently been withdrawn and/or waived.

Moreover, Plaintiff's opening statement did not reference a single piece of evidence she intends to introduce at trial to show that any of the individual defendants personally engaged in discriminatory or retaliatory conduct towards Plaintiff. Under both state and city law, an individual defendant is only liable for aiding and abetting discrimination if he or she "personally

---

[1]   To the extent Plaintiff's claims are not dismissed for the reasons addressed herein, Defendants take issue with numerous aspects of Plaintiff's proposed jury instructions, which we are prepared to address at the appropriate time.

Proskauer»

Hon. Roslynn R. Mauskopf
April 13, 2010
Page 2

engaged in discrimination against plaintiff." *Alexander v. City of New York*, No. 02 Civ. 3555, 2004 U.S. Dist. LEXIS 17042, *66-67 (S.D.N.Y. August 25, 2004).

Plaintiff did not state a *prima facie* case under which the individual defendants would be liable, failing to allege that any of the individual defendants "personally engaged" in discrimination against Plaintiff. Therefore, Plaintiff's claims against the individual defendants should be dismissed. *See Town of Orangetown v. Gorsuch*, 718 F.2d 29, 34 n.8 (2d Cir. 1983) ("At the commencement of trial, and following plaintiff's opening statement, the district court dismissed plaintiff's nuisance claims against the Town of Clarkstown because plaintiff had failed to allege that Clarkstown had control over the operation of the County plant."); *see also Hardy v. State*, 294 A.D.2d 400, 401, 742 N.Y.S.2d 346, 347 (2d Dept. 2002) (affirming dismissal of claim following claimant's opening statement on ground that claimant failed to state a *prima facie* case).

Although Defendants request that the Court dismiss Plaintiff's city and state law claims and the claims against the individual defendants, as requested, we enclose Defendants' supplemental proposed jury instructions for claims under state and city law, and a proposed instruction regarding the individual defendants, should the Court decide to instruct the jury on these claims. Defendants also propose that, to the extent Plaintiff's claims are not dismissed for the aforementioned reasons, Defendants' proposed jury instruction 13 be modified to read that the retaliation standard applies to Plaintiff's claims under federal, state and city law.

Respectfully submitted,

Bettina B. Plevan

Encl.

cc:   Andrew C. Laufer, Esq.
      Keisha-Ann G. Gray, Esq.

SUPPLEMENTAL INSTRUCTION NO. 1

## HOSTILE ENVIRONMENT SEXUAL HARASSMENT – STATE AND CITY LAW[1]

Plaintiff has raised claims under federal law (Title VII), as I have just instructed you, and also under New York State and City Laws. The standard for proving sexual harassment under the New York State Human Rights Law differs slightly from the instructions I just gave you regarding Plaintiff's federal claims under Title VII.

In particular, under the New York State Human Rights Law, Defendants cannot be held liable for a co-worker's alleged discriminatory act against Plaintiff unless the employer <u>actually knew</u> about the discriminatory conduct and acquiesced in, or subsequently condoned, the discriminatory conduct.

The New York State Human Rights Law requires that the employer receive actual notice of the discrimination, not merely constructive notice. That means that the employer must actually have been aware of the discrimination; in other words, responsible managers had to actually know of the alleged sexual harassment in order for Defendants to be liable under the New York State law.

Where an employer has reasonably investigated a complaint of discrimination, such as alleged sexual harassment, and taken corrective action – that is, where the employer has taken

---

[1] *Manzo v. Sovereign Motor Cars, Ltd.*, No. 08-CV-1229, 2009 WL 3151094, at *13 (E.D.N.Y. Sept. 29, 2009); *Chanval Pellier v. British Airways*, No. Civ.A. 02-CV-4195, 2006 WL 132073, *11 (E.D.N.Y. Jan. 17, 2006); *Bennett v. Progressive Corp.*, 225 F.Supp.2d 190, 210 (N.D.N.Y. 2002); *Sowemimo v. D.A.O.R. Security, Inc.*, 43 F. Supp.2d 477, 486 (S.D.N.Y. 1999); *Ponticelli v. Zurich Am. Ins. Group*, 16 F.Supp.2d 414, 433 (S.D.N.Y. 1998); *State Div. of Human Rights v. St. Elizabeth's Hosp.*, 66 N.Y.2d 684, 687, 496 N.Y.S.2d 411, 412 (1985); *Martinez v. Triangle Maint. Corp.*, 741 N.Y.S.2d 427, 428, 293 A.D.2d 721, 722 (2d Dept. 2002); *Sormani v. Orange County Cmty. Coll.*, 240 A.D.2d 724, 724, 659 N.Y.S.2d 507, 508 (2d Dept. 1997). *See also Gallo v. Alitalia-Linee Aeree Italiane-Societa per Azioni*, 585 F. Supp. 2d 520 (S.D.N.Y. 2008).

action intended to prevent any further harassment – the employer cannot be said to have encouraged, condoned or approved of the discrimination and therefore cannot be held liable under the New York State Human Rights Law.

SUPPLEMENTAL INSTRUCTION NO. 2

# EQUAL PAY – STATE & CITY LAW[2]

Plaintiff has also brought claims for equal pay under New York State and City law. Equal pay claims brought under State and City laws are generally analyzed under the same standards as claims brought under the federal law, except New York State and City claims require Plaintiff to prove that the pay differential was motivated by a discriminatory animus, meaning that differences in pay were due to intentional discrimination against Plaintiff because of her sex.

In order for Plaintiff to prevail on her equal pay claims under New York State and City law, Plaintiff must prove all of the following elements by a preponderance of the evidence:

First: That Plaintiff belongs to a protected class, which the parties do not dispute;

Second: That she was paid less than similarly situated, non-members of her class; and

Third: That the difference in pay occurred under circumstances giving rise to an inference of discriminatory intent. In other words, Plaintiff must prove that Defendants paid her less than male employees doing equal work and that they did so because of her sex.

Plaintiff has the burden of proving each and every element of her claim by a preponderance of the evidence. If you find that any of the above elements has not been proven by a preponderance of the evidence, your verdict must be for Defendants and you need not proceed further in considering this claim.

---

[2] *Quarless v. Bronx Lebanon Hosp. Center*, 75 Fed.Appx. 846, 2003 WL 22221352 (2d Cir. Sept. 26, 2003); *Belfi v. Prendergast*, 191 F.3d 129, 139 (2d Cir. 1999); *Drury v. Waterfront Media, Inc.*, No. 05-cv-10646, 2007 U.S. Dist. LEXIS 18435, at *15 n.3 (S.D.N.Y. Mar. 8, 2007).

If you find that Plaintiff has met this initial burden, you must determine if Defendants have articulated a legitimate, nondiscriminatory reason for their action. If you determine that Defendants have stated such a reason, then you must decide in favor of Defendants, unless Plaintiff proves by a preponderance of the evidence that Defendants' stated reason was not the true reason and that it was a pretext for unlawful discrimination against Plaintiff because of Plaintiff's sex.

SUPPLEMENTAL INSTRUCTION NO. 3

PLAINTIFF'S CLAIMS AGAINST THE INDIVIDUAL DEFENDANTS[3]

In addition to her claims against NY1 under federal, state, and city law, Plaintiff has asserted claims against Defendants Peter Landis, Steve Paulus and Elisabeth Fanfant under the New York State and New York City Human Rights Laws based on her allegations of gender discrimination in compensation, sexual harassment hostile work environment and retaliation. The standards for proving violation of these laws are the same as those I have just described to you.

However, in order to hold Mr. Landis, Mr. Paulus or Ms. Fanfant personally liable, Plaintiff must also prove, by a preponderance of the evidence, that each of these individuals was personally engaged in discriminatory or retaliatory conduct towards her. If you find that Plaintiff has not proved that all or either of Mr. Landis, Mr. Paulus, or Ms. Fanfant was personally engaged in such conduct, you must find in their favor on these claims.

---

[3]   *Alexander v. City of New York*, 2004 U.S. Dist. LEXIS 17042, *66-67 (S.D.N.Y. August 25, 2004); *Smith v. AVCS Int'l. Inc*, 148 F. Supp. 2d 302, 308-09 (S.D.N.Y. 2001); *Lee v. Overseas Shipholding Group*, No. 00 Civ. 9682, 2001 WL 849747, at *10 (S.D.N.Y. July 30, 2001).